3s  23<br>106  458

GULLETT v. LEWIS.

1. An attorney at law is a special agent; he has no authority to receive any thing but money in payment of a debt put into his hands for collection.
2. And if he apply the claim of his client to the payment of his own debt, his client is not bound thereby.
3. A party contracting with an agent is bound to look to the authority of the agent.

G. M. GULLETT, as bearer, brought an action against D. H. Lewis, in Montgomery Circuit Court, to recover the

JULY 1830.

Gullett
v.
Lewis.

amount of a promissory note made by him, payable to one McBryde or bearer, for $150. At September term 1828, the jury found a verdict for the defendant under the instruction given by the Court on the facts proved, which were as follows: The plaintiff rested his case on the production of the note. The defendant then produced a witness, who deposed, that before the commencement of the action the note sued on was given to him as an attorney for collection, and that he was likewise the general agent of the plaintiff in relation to his other business; that he agreed with the defendant, who was likewise an attorney, to take a debt on himself due to one Watkins, for whom the defendant was attorney, in payment of the note of the plaintiff; that the agreement was considered as complete, but the note of the defendant was not given up, nor the note of the plaintiff's attorney, due to Watkins, credited; that he, the witness, was then in credit, but is now embarrassed. He further stated that he informed the defendant that he held the note as attorney for the plaintiff; and that he received the note without special instructions to sue the defendant, nor did he expect from his character to have to do so. The witness was not the present attorney of the plaintiff. It was admitted by the plaintiff that Lewis had accounted to Watkins for the amount of the note. The plaintiff requested the instruction, that in general, if an agent is employed to receive money, and the debtor pays in money, he is discharged; but that if the debtor does not pay in money, and merely settles by considering a debt to him or another, for whom he is attorney, from the agent, as paid, that it is no discharge. The Court refused this instruction, and charged the jury, that if they believed the witness held the note as agent or attorney of the plaintiff, and made an agreement with the defendant to take a note or debt due from himself in payment of the plaintiff's note, and that the contract was completed, although the note was not given up, that it did discharge the debt. The plaintiff excepted, and assigned this for error.

GOLDTHWAITE, for the plaintiff in error. There is a very material distinction between the powers and authority of a general agent and those of a special agent. An attorney at law is a special agent only, and has not the powers of a general agent. He is specially appointed to collect a particular debt, and his authority is confined to the special object; he can lawfully do nothing else. In New

York it has been decided that the authority of the attorney ceased when judgment was rendered, and that he could not control the judgment. An attorney is an officer of the Court, and can no more receive his own debt in payment, than a sheriff or coroner can; that is to say, so as to bind his client. There is no distinction between them; none can be drawn. No authority can be produced 'to show that either of them can ever be considered as a general agent. In 6th Sergeant and Lowber [a] the principle is correctly settled, and the decision is fully applicable to this case. But in the present case the evidence shows that the defendant had express notice that the witness acted as attorney, and that the note belonged to the plaintiff. This feature makes it a strong case, and brings it within the influence of another clear principle of law; having full notice of the plaintiff's rights and of the character and authority of the agency, he acted at his peril.

In *Codwise v. Field* [b] it is held that if a sheriff discharges a debtor without consideration, that he himself would be bound, but not the creditor. The creditor confided to his attorney only the right to collect but not to exchange debts; the attorney acted without the scope of his authority, and the defendant knew it. A general agent may release a debt, or may enter a *retraxit*, but it has never been considered that an attorney at law could, without consideration, any more than a sheriff, and the reason is, because they are special agents. [c]

THORINGTON, for the defendant. It is not denied by the plaintiff but that if the witness were a general agent, he would have had sufficient authority to protect the defendant, if no fraud appeared. Let us examine carefully in what character he did in fact negotiate the transactions. The bill of exceptions shows, not only that he was attorney at law for the plaintiff, but that he was his general agent also. There is nothing incompatible in this; an attorney, because he is such, is not incapacitated from being made a general agent. Then he had both powers. How did he act, and under which of these authorities? If he had acted as attorney at law it would have been by some act in Court. But no process was issued. Then his act must have been as general agent. It is contended that an attorney cannot exchange a debt, even where the interest of his client imperiously requires it to save the debt; for the argument if extended must go that far. It may often be the only

JULY 1830.

Gullett
v.
Lewis.

a Pages 459, 460.

b 9 John. R. 263.

c Stark. Ev. 1085. Stark. Cases 16. 4 Barn. & Ald. 335.

means of saving a debt for a client. What difference is there in point of fact, between this transaction and one in which the parties should pass the money backwards and forwards. Lewis had the right to pay the money to the witness for the debt he owed to Gullett, and the witness could lawfully have handed back the same money to Lewis in payment of the debt he owed. The money could not in such case be pursued, it has no ear mark. The transaction is substantially the same. The witness was then in good credit, and Lewis has actually paid in cash the amount to Watkins; he has gained nothing whatsoever in the transaction. It is precisely as if Lewis had offered the money, and the agent of the plaintiff had said, hand it for me to Watkins. That the note was not delivered, can in nowise vary the case; any agreement which satisfies a note, destroys it. The authorities cited, do not apply to a case like this. The rule is more rigid where applied to public officers.

GOLDTHWAITE, in conclusion. The principle of the authorities cited is full to the point here. The authority of the cases is not denied. I did not admit even that a general agent would have the authority here claimed. A general agent could not shift his own debt from his creditor to his client, without his consent, in this way. It would be going too far to allow this; it would amount to a fraud on his client. The case cited in 6 Sergeant and Lowber in most of its features is very much like the one before us; there, as in this, the agreement was *in fieri*, not executed. If the note had been surrendered, the case might have been varied. But the bill of exceptions negatives the idea that the witness acted as general agent as to this transaction; he distinctly informed the defendant that he held the note as attorney. He was general agent as to other matters. As to the fact however whether he acted as general agent or attorney, it was the province of the jury to determine; and if a distinction does exist between the powers of a general and a special agent, the Court should have drawn the distinction, and the jury would have found as the fact to them would appear to require; but the Court drew no distinction and of this we complain.

By JUDGE TAYLOR. It is a principle of law that will not be controverted, that an agent has no powers, but

such as are granted to him by the principal, and that when he transcends the limits which have been prescribed to him, his principal is not bound by his acts; and it is the duty of all persons transacting business with an agent, to know how far his authority extends. An attorney at law is the special agent of his client, whose duties, usually are confined to the vigilant prosecution or defence of the suitors rights. By virtue of his engagement as an attorney, he is not authorized to compromise the matter of controversy, to execute a release of his client's demand, or even to release the responsibility of a witness to his client, that he may be rendered competent. When a note is placed in the hands of an attorney at law to collect, the only power granted to him is to receive the money if the payor will pay it without, or to enforce its payment by suit. He has no right to dispose of this note in payment of his own debts, or by compromise to receive goods or horses, or any thing but cash in discharge of the payor's responsibility.

The confidence of the creditor has been extended to him no further than to authorize him to collect money. If then, a debtor makes an arrangement with an attorney at law, in the employ of the creditor, by which he pays any thing else but money, it is not on account of the confidence which has been reposed in the attorney by the creditor, but from the reliance which the debtor himself places on him. In this instance, we cannot suppose that the defendant considered the plaintiff's attorney as acting strictly within his authority, as agent for the plaintiff, when he made the arrangement with him which has been proved; but that he entered into the agreement, confiding in the attorney's willingness and ability to pay the money to the plaintiff, to the amount of the debt which the attorney owed to Watkins.

It is contended, however, that the same person was the general agent, as well as the attorney at law of the plaintiff, and that although he was not authorized in the latter character, yet he was in the former to make this arrangement. This would depend entirely upon the extent of his powers as general agent. If he were only authorized to collect debts, &c. due the plaintiff generally, he could have made those collections only in money. We are not informed by the testimony how far his authority as general agent extended; but it is deemed unnecessary to consider this subject, as the proof shows that in this instance he acted in the character of attorney at law; of which the

defendant was informed, and that it was as regarded other business of the plaintiff, that he was constituted general agent. I am clearly of opinion, that the defendant could not be exonerated from his liability to the plaintiff by any arrangement he may have made with his attorney at law, other than the payment of the money due on the note, and such is the opinion of the Court. To support the opinion, see 9 Johnson's Reports 263, 6 Sergeant and Lowber 459. The judgment must be reversed and the cause remanded.

By JUDGE SAFFOLD. I am unprepared to assent to the doctrine of restriction on the powers of an attorney at law to the extent to which the opinion of the majority of the Court has gone. The province of an attorney is to make collection of claims placed in his hands for that purpose, either with or without suit as the circumstances of the case may require. The attorney is bound to his client to use faithful exertions to collect the money in a reasonable time, and for this purpose if not otherwise instructed, to proceed by suit, unless payment be voluntarily made. If instead of actually receiving the cash from the debtor, the attorney make a different arrangement with him, by which the debt is settled between them, doubtless the attorney is responsible to his client in the same manner as though he had received the money. The attorney has the legal custody of the note or other evidence of the debt while empowered to make the collection, and if he instituted suit, he has the absolute control of it, while retained by the party, and if dishonest, may conduct it greatly to the prejudice of his client, by a compromise of record, dismissal, accepting judgment for less than the amount due, and in many other ways. For malfeasance, he is not only responsible to his client, but is also amenable to the Court. Besides, it is material that the attorney is an agent of his client's voluntary selection, carrying with him the evidence of the creditor's confidence in the collection of the debt. I conceive the authority of an attorney at law, or other private agent to be essentially different from that of a ministerial officer. The duties of the latter are peremptorily prescribed by law, so that no individual trust, or confidence is implied in the nature of his agency, nor had the principal or creditor any discretion as to his appointment. In such case, it is just and reasonable that a creditor's claim should not be discharged or defeated until it be done in the manner prescribed by law. I think it is

only to persons or officers of this description, that the authorities relied on in support of the more restricted power, have reference.

Can it be the law, that an individual agent who has been sent out with the notes, accounts, &c. of his principal, with the usual authority to make collections, cannot discharge a debtor in any other way than by the actual receipt of the amount in cash. That though the agent and debtor both act with the best faith, yet no exchange of paper, discount, or authority to pay to another, and the completion of the arrangement, is a valid discharge of the debtor. I conceive the law to be otherwise, and that it is in many respects the same in relation to attorneys at law.

Yet I admit that in either case, when the money has not been paid to the agent or attorney, if the arrangement has not been *bona fide*, or at least on the part of the debtor, if he has participated in any degree in fraud or collusion to the prejudice of the creditor, or if the agreement has not been consummated, the principal may interpose his authority and resist and annul it. In cases however like the present, where there is no imputation of fraud against the defendant, and the attorney has contracted and agreed, that the payment should be made to another, and the same has been done to the full amount of the debt, I consider it binding on the principal, and that this judgment should be affirmed.

JUDGE CRENSHAW concurred in the opinion delivered by JUDGE SAFFOLD.

Reversed and remanded.