# LOCKHART v. WYATT.

1. A deed of trust providing for the security of creditors designated in the deed, but providing also that the debtor shall retain the use of the property until a day subsequent to that when the debts are due, is invalid as a conveyance, without the assent of all the beneficiaries, the contrary not being expressed in the deed.
2. The levy of an execution against the debtor, before such assent is signified, is equivalent, so far as the execution creditor is concerned, to a revocation by the grantor.
3. The general rule, whenever property is committed to another, to be held for the use of, or to deliver to, a third person, is, that such person shall shall signify to the mandatory his assent to it, or the conditions of the mandate.
4. An attorney at law, in the absence of instructions to that effect, has no authority to give day of payment, upon receiving security from the debtor.

Error to the Circuit Court of Perry.

CLAIM interposed by Lockhart to certain slaves levied on as the property of one Hopkins, on the 7th of January, 1843, at the suit of Wyatt.

At the trial, the claimant made title to the slaves in controversy, under a deed executed by Hopkins on the 1st November, 1841, conveying the said slaves, with other personal and real estate to him upon trust. The terms of this deed, and the trusts created by it, are set out in the report of Graham v. Lockhart, 8 Ala. R. 9, and therefore are not recited here.

The claimant then proved the assent of Henry C. Lea, one of the beneficiaries in said deed, for himself and his mother, N. C. Lea. It is proper here to remark, the deed upon its face, purports to be an indenture, "made by and between A. B. W. Hopkins of the one part, John Lockhart of the second part, and Samuel G. McLaughlin, and H. C. Lea, *and other persons* of the third part," but is executed alone by Hopkins and Lockhart. The assent, at the time of execut-

ing the deed, of Lea and Towns, as attorneys at law for Wiley, Lane & Co., who are other beneficiaries in the deed, was shown, but they had no especial authority to give this assent. It was also in evidence, that R. B. Walthall, C. S. Phillips, A. B. Moore, and Samuel G. McLaughlin, sureties for Hopkins, provided for in the deed, had expressed to the witness their willingness to abide the provisions of the deed, immediately after its execution, but neither the grantor nor the trustee were then present. It was further in evidence, that the individuals last named, with N. W. Fletcher, another beneficiary in the deed, executed the bond for the trial of the right of property in this cause, on the 4th May, 1843. It was also in evidence, that I. W. Garrott, as the attorney at law for M. H. Williams and John Williams, two other beneficiaries of the deed, had assented to the deed about the 1st of January, 1843, but that L. Y. Tarrant, who was collaterally bound for the debt to Johnson, for $8,040 86, in the deed mentioned, and E. D. King dissented to the deed. King did not assent, because it was shown he had a lien on the lands of Hopkins, which secured his entire debt. It was also in evidence that all the beneficiaries in the deed had applied for their distributive shares of the proceeds of the property conveyed, immediately after its sale by the trustee in February, 1843, and received the same sometime in January, 1845.

The plaintiff then introduced evidence conducing to show that Hopkins was indebted in a large amount, at the time of executing the deed, to other persons than those mentioned in it. It was also in evidence, that the proceeds of the property conveyed were not more than sufficient to pay one-fourth of the entire indebtedness of Hopkins, or one-half of the debts mentioned in the deed.

On this state of facts, the court charged the jury,

1. That this deed required the assent of the beneficiaries, before it was valid and operative against creditors.

2. That it was necessary such assent should be given by all the beneficiaries within a reasonable time.

3. That until all had assented, the power of revoking the deed, rested with the grantor ; that the levy of an execution upon the property conveyed, before the assent of all the be-

neficiaries, was tantamount to a revocation of the deed, by rendering it inoperative as to the execution creditor.

4. That the assent of the beneficiaries, to divest the right of revocation, must be signified directly to the grantor, or to the trustee, and that an assent expressed to third persons, not interested in or connected with the deed, was not such assent as the law required.

5. That the mere relation of attorney and client, did not authorise the attorney to assent to such a deed as this, so as to bind his client.

The claimant excepted to these several charges, and they are now assigned as error.

A. B. Moore, for the plaintiff in error, contended,

1. The deed is for the benefit of the sureties and creditors, and therefore their assent will be presumed. [Brooks v. Marbery, 11 Wheat. 78 ; Tompkins v. Wheeler, 16 Peters, 106 ; Wheeler v. Sumner, 4 Mason, 183 ; Nash v. Sumner, 9 S. & R. 244 ; Copeland v. Weld, 8 Cranch, 411.]

2. But if the deed is not, *prima facie*, for the interest of the preferred creditors, the proof shows that in fact it was so, therefore the assent will be presumed, as that flows from the beneficial interest.

3. But here the assent of some of the creditors was expressly shewn, and there is nothing in the deed to call for the assent of all.

4. Indeed, all of the creditors, whose assent was required, was given. Only one assented, and he was already secured to the full sum.

5. The court certainly erred in ruling that the assent to the deed, by an attorney at law, was insufficient. [Gordon v. Coolidge, 1 Sumner, 537; Kirksey v. Jones, 7 Ala. Rep. 623.]

H. Davis and A. Graham, contra, insisted,

1. The decision in Sutherland v. Elms, 7 Ala. Rep. 262, is conclusive, that the assent of all the beneficiaries under a deed, like this, is necessary. [ See also, 10 Pick. 408; 17 Mass. 454; 7 Ala. Rep. 806 ; ib. 139; ib. 690.]

2. The assent must be signified to the trustee, as he has the property, and is accountable for it.

30

3. The general scope of duty as an attorney, extends no further than suit or collection of money. [3 Stewart, 23 ; 5 S. & P. 340 ; 1 Ala. Rep. N. S. 249.]

GOLDTHWAITE, J.—1. The only distinction between the deed of trust, under which the claimant in this case made title, and that passed on in Elmes v. Sutherland, 7 Ala. Rep. 262, is, that there, all the beneficiaries were named as third parties, but in this, a portion are included under the description of *other persons.* This can make no difference in the principle which governs mandates of this description. The proposition of the debtor is, that if the creditors designated will agree to wait a determinate period for payment, and in the mean time allow him to use the property provided for eventual security, then the property and its profits shall be applied at the expiration of the period, to pay the specified debts, unless in the interim, they are discharged by some other mode of payment. If we conceive a deed of this sort, made *bona fide*, it is difficult to imagine why the assent of all the named beneficiaries is not requisite to make the deed valid as a conveyance. The object of the debtor is, that he shall not be pressed with the specific debts until the period he fixes for their payment. The condition of offering the security is the delay, and the use of the property in the mean time, and it seems entirely evident this object might fail if one or more of the creditors refused to assent, and instead of delay, chose at once to coerce payment. If the object was to convey the property for the benefit of such as might within a fixed period, or within some reasonable time, signify their assent, nothing was easier than for the debtor to so express it ; but then it is possible other objections to the validity of the deed might arise. We are entirely satisfied with the decision to which we have adverted, and see no reason to change it.

2. It is unnecessary to determine within what period, if there is any, in which the assent of the beneficiary shall be given to a deed of this nature, because however that may be, the levy of an execution, prior to the assent, is equivalent, so far as the execution creditor is concerned, to revocation by the grantor. [Kemp v. Buckley, 7 Ala. Rep. 138 ; Elmes v.

Sutherland, before cited; see also Marston v. Coburn, 17 Mass. 454,]

3. As to the mode by which the assent of the creditors, or those authorised to assent, shall be signified, it will be remembered there is no provision whatever in the deed. The general rule, whenever property is committed to another to hold for the use of, or to deliver to, a third person, is, that such person shall signify to the mandatory his assent to receive it on the conditions of the mandate. [Walton v. Tims, 7 Ala. Rep. 471; Williams v. Everett, 14 East, 582; Scott v. Porcher, 3 Merivale, 652.] In our judgment, there was no error of which the claimant can complain in instructing the jury, that the assent must be signified either to the grantor or to the trustee.

4. We entertain no doubt of the competency of an attorney, when instructed by his client, to do the best he can, either to compound the debt, extend its time of payment, or bind his principal by assenting to an assignment ; but the authority to give day of payment upon receiving security, does not seem to be within the ordinary scope of the duty of an attorney at law. The case Gordon v. Cooledge, 1 Sumner, 537, does not sustain the position contended for, as there the authority was expressly given. We are not called on to decide how far the acquiesence of the principal would affirm the act of his agent, and such would very possibly be the case. Our duty is ended by responding to the questions arising on the charge, and as there is no error in terms, it is useless to consider what is the precise rule in such matters as, from the condition of the case on the main point, no benefit could arise to the claimant.

Judgment affirmed.