## MEAHER ET AL. *vs.* TINDAL.

[LIBEL IN ADMIRALTY AGAINST STEAMBOAT.]

1. *Decree against stipulators by default, not setting out evidence.*—If the stipulators neither answer nor appear, in person or by proctor, a decree *pro confesso* may be entered against them ; and if the court, without formally entering such decree, proceeds to hear the cause *ex parte*, and renders a proper decree, they cannot complain on error that the record does not set out the evidence on which the decree is based.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS was a proceeding in admiralty, at the suit of James M. Tindal, against the steamboat *Waverley*. The libel was filed on the 2d June, 1866, to enforce a claim for unpaid wages due to the libellant as a pilot. The boat having

been seized by the sheriff, James M. Meaher, Thomas Swan, and C. M. Newberry, intervened as stipulators; the condition of their bond, or stipulation, being that they "shall well and truly pay and satisfy such judgment as shall be rendered on said libel." On the 16th July, 1866, the following decree was rendered in the cause: "Came the said libellant, by his proctor, and James M. Meaher, Thomas Swan, and C. M. Newberry, stipulators as hereinafter mentioned for the release of the said boat, being publicly called, came not, neither in person, nor by proctor; and the proctors for the libellant moving the court for a decree; and there being no answer nor defense offered or made to said libel; and it appearing to the court, by due proof, that the sum of sixteen hundred and twenty-seven dollars became due to the said libellant, on the 1st day of June, 1866, for labor and services rendered by him, according to contract, as pilot for said boat, within the State of Alabama, and at the instance of the master of said boat; and that said debt became due, and was duly demanded, before and within six months next preceding the filing of said complaint; and it further appearing that said boat was seized, by virtue of a writ of seizure issued upon said complaint, more than twenty days previous to said term, to-wit, on the 2d day of June, 1866; and that afterwards, to-wit, on said 2d day of June, said Meaher, Swan, and Newberry entered into bond, in the sum of three thousand two hundred and fifty-four dollars, dated the 2d June, 1866, and conditioned to pay and satisfy such judgment as should be rendered on said libel, and that thereupon said boat was released from custody, as shown by the sheriff's return; wherefore, it is adjudged and decreed, that said James M. Tindal, libellant as aforesaid, do have and recover of said James M. Meaher, Thomas Swan, and C. M. Newberry, stipulators as aforesaid, the said sum of sixteen hundred and twenty-seven dollars, and the further sum of sixteen 61-100 dollars, the interest which has accrued upon said debt since the 1st day of June, 1866, together making the sum of sixteen hundred and forty-three 61-100 dollars, together with the costs which have accrued upon said libel; and that execution issue for said debt, interest, and costs,

and be made returnable to the next admiralty term of this court."

There were four assignments of error, the first and second of which were obviated by an amendment of the record, and the others were as follows : "3d, that the evidence in the cause is not set out in the record ; 4th, that there is error in said decree."

Thos. H. Herndon, for appellants.

W. Boyles, contra.

JUDGE, J.—Only the third and fourth assignments of error are insisted upon by the appellants, which are—that the evidence in the cause is not set out in the second, and that there is error in the decree. It is recited in the decree, that the stipulators, "being publicly called, came not, neither in person, nor by proctor;" and it·does not appear that they ever answered the libel. Being thus in contumacy and default, a decree pro confesso might have been taken against them.—3 Greenleaf's Ev.§ 398 ; 2 Conkling's Adm. Pr. 177–178. If such a decree was not entered, pro forma, the court did in effect what it had the right to do, under the circumstances, viz.,‛it proceeded to hear the cause ex parte, and to adjudge therein as it seemed to the court law and justice required.—2 Conk. Adm. Pr. 178. If evidence was taken by the court, other than such as would necessarily result from a decree pro confesso, it was not necessary, under the circumstances, to set it out in the record ; and if it were, we would not reverse for the failure to do it, the record showing a substantial cause of action, and the question not having been raised in the court below.

There is no error in the decree, of which the appellants can complain, and it is consequently affirmed.