# Robinson *v.* Murphy.

| 69 | 543 |
| 106 | 458 |

*Bill in Equity to Enjoin Collection of Judgment at Law.*

1. *Appeals to this court; to what term returnable.*—An appeal taken to this court during vacation should be made returnable to the next ensuing term, and if not so taken, the appeal may be dismissed, on motion. An appeal taken during the session of the court may be made returnable to the first Tuesday of any succeeding month of the term, if there are ten days intervening between the taking of the appeal and the return day; and if such appeal is made returnable generally, it is irregular.

2. *Practice on appeal; when irregularity in taking an appeal is waived.* Such an irregularity may be cured by amendment, on objection made before a submission of the cause; and if the appellee appear and join in submitting the cause for decision upon the errors assigned, the irregularity is thereby waived, and the waiver can not be withdrawn without the appellant's consent.

3. *Same; assignment of error; when sufficient.*—An assignment of error averring that "the court below erred in the final decree rendered" on a stated day, although very general in terms, conforms to the long practice in this court; and it must be accepted as conforming to the rules of practice, when the decree of the chancery court is assailed as erroneous in the whole. This case distinguished from *Alexander v. Rea,* 50 Ala., 452, on this point.

4. *Attorney at law; the extent of his authority.*—An attorney at law is a special agent, limited in duty and authority to the vigilant prosecution or defense of the rights of his client. His authority to enter into bargains or contracts binding on his client, unless expressly conferred, is confined within the limits of that professional action which may be necessary for the conduct of the proceedings in the course of pending suits, and of direction to ministerial officers in the issue, levy and return of executions on judgments which he may have obtained.

5. *Same; can not accept in satisfaction of judgment less than is due.* An attorney at law, by virtue of his general retainer, has no authority to accept in satisfaction of a judgment which he has obtained for a client, a less sum than is actually due, or for such sum, to transfer the judgment. Either transaction would be in excess of his authority and would not bind the client.

6. *Same; one dealing with, must ascertain extent of authority.*—All who

deal with an attorney or other agent, must ascertain the extent of his authority; and if they do not inquire, they can claim no protection, because they indulged suppositions or conjectures, reasonable or unreasonable, that the agent had the authority he was exercising.

APPEAL from Montgomery Chancery Court.

Heard before Hon. JOHN A. FOSTER.

The bill in this cause was filed by John N. Murphy, the appellee, against Robert W. Robinson, the appellant, for the purpose of enjoining the latter from proceeding further to enforce the collection of a judgment which he had obtained against the appellee in the Circuit Court of Montgomery county, on the 30th June, 1878, for the sum of $422.59, and on which he had caused an execution to be issued and levied on a lot of land in the city of Montgomery, as the property of the appellee. The material facts disclosed by the record are substantially as follows: On the 6th August, 1880, the appellee, through his attorney, made an agreement with an attorney at law, who appeared for and represented the appellant in the suit in the Circuit Court, in which the judgment was recovered, and who was then the appellant's attorney in the collection of the judgment, to settle and satisfy said judgment for $200. This sum the appellee borrowed from one Nicrosi, and paid to appellant's said attorney, who received it in full satisfaction and discharge of the judgment, and, on the request of the appellee, he transferred and assigned, in the name of his client, and in consideration of said sum, the judgment to Nicrosi, who was to hold the same as security for the money which he had loaned to the appellee. The appellant's attorney acted in this transaction, in good faith, on his own responsibility, and for what he considered the best interest of his client, who was then absent, but without the authority, permission or consent of the appellant to accept said sum in satisfaction of the judgment, or to make a transfer thereof. Soon afterwards he communicated to the appellant what he had done, and the appellant promptly repudiated the settlement, and refused to ratify it or to receive the money. His attorney thereupon immediately notified both the appellee and Nicrosi that the appellant would not ratify the settlement which he had made, tendered to them the $200 which he had received under the settlement, and demanded of them the surrender of the transfer of the judgment which he had made to Nicrosi. They both refused to receive back the money and to surrender the transfer. The appellant then instructed the sheriff to sell the lot on which had been levied the execution issued on said judgment; and the sheriff had advertised the same for sale, when the bill was filed. The evidence showed that appellant's attorney did not, at the time of the settlement or at any other time, represent to the appellee or his

[Robinson v. Murphy.]

attorney, that he had the authority or permission of the appellant to make the settlement. The evidence also showed that the attorney for the appellee believed that appellant's attorney was acting under the authority of his client, in making the settlement. Before the bill was filed, the appellee paid Nicrosi the $200, which he had borrowed from him, and received from him the transfer of the judgment which had been made to him as security for that sum.

On the hearing, had on pleadings and evidence, the Chancery Court rendered a decree making perpetual the injunction which was issued when the bill was filed; and from this decree an appeal was taken on the 6th January, 1882, returnable to the December Term, 1881, of this court. The assignment of error, is, that "the court below erred in the final decree rendered Oct. 8th, 1881."

Rice & Wiley, for appellant. The English courts recognize the right of an attorney to make compromises, without the consent of his client, where he acts with due diligence and discretion, *before judgment is obtained;* but *after the judgment is obtained,* the attorney's power to compromise is at end. The American courts, however, hold, as a general rule, that an attorney at law has no right to compromise his client's claim *even before judgment,* without his consent.—*Derwort v. Loomer,* 21 Conn. 245; *Vail v, Conant,* 15 Vt. 314; *Doub v. Barnes,* 1 Md. Ch. 127; *Smith v. Dixon,* 3 Metc. (Ky.) 438; *Smock v. Dade,* 5. Randolph (Va.) 639; *Marbourg v. Smith,* 11 Kans. 562. An attorney at law has no authority, by virtue of his general employment, to settle a judgment or discharge an execution in favor of his client, unless upon payment of the whole amount thereof, without his client's consent.—*Chapman v. Cowles,* 41 Ala. pages 103–7, and cases there cited, to-wit: *Jones v. Ransom,* 3 Ind. 327; *Jewett v. Wadleigh,* 32 Maine, 110; *Jenney v. Delesdernier,* 20 Maine, 183; *Doub v. Barnes,* 4 Gill. 1; *Vail v. Conant,* 15 Vt. 314; *Smock v. Dade,* 5 Randolph, 639. See also, *Lewis v. Gamage,* 1 Pick. 347; *Jackson v. Bartlett,* 8 John. 285; *Keller v Scott,* 2 Sm. & Mar. 83; *Gullett v. Lewis,* 3 Stew. 23; *Cost v. Genette,* 1 Porter, 212; *West v. Ball & Crommelin,* 12 Ala. 340; *Waring v. Lewis,* 53 Ala. 632.

Geo. F. Moore, *contra.* (No brief came to the hands of the reporter.)

BRICKELL, C. J.—An appeal taken during the vacation of this court should be made returnable to the next ensuing term, and if not so taken, may be dismissed on motion. If the ap-

35

peal is taken, as was this appeal, during the session of the court, it may be made returnable to the first Tuesday of any succeeding month of the term, if there are ten days intervening between the taking of the appeal and the return day. Code of 1876, § 3925. This appeal is made returnable generally to the present term, and is irregular. The irregularity could have been cured by an amendment, if objection had been interposed before the cause was submitted for decision.—Code of 1876, § 3931. Without objection the appellee appeared and joined in submitting the cause for decision, upon the errors assigned. Thereby the irregularity was waived, and the waiver can not be withdrawn without the consent of the appellant. *Thompson v. Lea*, 28 Ala. 453; *Meyers v. Segars*, 41 Ala. 385; *Alexander v. Nelson*, 42 Ala. 462. The assignment of error is in terms very general, yet it conforms to the long practice in this court. Without surprise upon the profession, when the decree of the chancellor is assailed as erroneous in the whole, an assignment of error, in the general terms of this assignment, must be accepted as conforming to the rules of practice. We certainly do not feel at liberty to disregard it entirely. The case is distinguishable from that of *Alexander v. Rea*, 50 Ala. 450, in which it was claimed the decree of the chancellor was partially erroneous, that specific errors infected it, which ought to have been assigned with precision. The error assigned by the appellants asserts that the decree as an entirety is erroneous.

The point of controversy, decisive of the case, is, whether an attorney at law, by virtue of his general retainer and authority, can accept in satisfaction of a judgment he has obtained for a client, a less sum than is really due, or for such sum transfer the judgment, binding the client. The authority of an attorney to compromise pending litigation is fully recognized in the English courts upon the theory that he is, as to the matters involved in the litigation, the general agent of the client. See elaborate note of Prof. Green to § 24, 8th Ed., Story on Agency; Wharton on Agency, §§ 587–92. These learned authors express the opinion that the doctrine of the American courts coincide with that of the English courts. There would be possibly much of difficulty in supporting the opinion by a protracted examination of the decided cases. Whether we could, in view of our former decisions, follow the English rule, it is not proper now to discuss. The client had obtained judgment, terminating litigation and its uncertainties, putting an end to all defenses that could have been urged to the demand, the subject of suit, and finally and conclusively ascertaining that he was entitled to have and recover of the defendant a certain, fixed sum of money. The negotiations between the attorneys of the parties, leading to the arrangement which is

termed a compromise, was not an offer to buy or sell peace against a doubtful or disputed claim, the subject of pending suit; it was intended as no more, and is no more in truth, than a proposition to satisfy the judgment by paying on the one side, and accepting on the other, a less sum than its full amount. There was no disputation of the amount or of the finality of the judgment. In all the negotiations there was nothing of a confidential character, which would have excluded whatever may have transpired between the attorneys from being admitted as evidence, if it became material in subsequent suits between the clients.—*Snodgrass v. Br. Bank of Decatur*, 25 Ala. 161.

Prior to our statute in reference to composition of debts, if this transaction had occurred between the plaintiff and the defendant in the judgment, the acceptance of a less sum in payment would not have operated its satisfaction. There is a want of a valuable consideration for the agreement of a creditor to remit the whole, on the payment of a part of a just and ascertained debt.—*Barron v. Vandvert*, 13 Ala. 232 ; *Pearson v. Thomason*, 15 Ala. 700. It may be that under the statute, if the parties themselves had been the actors, there would have been a settlement in writing for the composition of the judgment, to which effect would have been given according to their intention without inquiring into the consideration.

The power of an attorney is not co-equal, co-extensive, or the equivalent of that of the client. He is, as has been said in numerous decisions of this court, *a special agent*, limited in duty and authority to the vigilant prosecution or defense of the rights of the client. He can enter into no bargains or contracts, though he may make agreements in writing touching the course of proceedings in pending suits, or the issue or return of executions on judgments he may have obtained, which will bind the client, unless he has specially authorized, or subsequently ratified them.—1 Brick. Dig. 191, § 30 ; *Albertson v. Goldsby*, 28 Ala. 711. On the payment of money to him after judgment he may give a valid receipt, but a sale or assignment of the judgment does not lie within the scope of his authority. *Boren v. McGehee*, 6 Port. 432. Nor can he accept anything but money in satisfaction of the debt or judgment of the client. Within the limits of that professional action which may be necessary for the conduct of the proceedings in the course of pending suits, and of direction to ministerial officers in the issue, levy and return of executions, the attorney may have large discretionary powers given to him, that he may perfect and promote the rights and interests of the client. But entering into bargains or contracts by which the debt of the client is released or discharged without full payment in money, is not one of his general powers. If the power is not specially conferred, the validity of all such

bargains or contracts, so far as they affect the client, depends upon his ratification. He may ratify or repudiate as he may believe most conducive to his interest.—*Kirk's Appeal*, 87 Penn. St. 243 (S. C., 30 Am. Rep., 357) ; *Levy v. Brown*, 56 Miss. 83 ; *Maddox v. Reeves*, 39 Md. 485 ; *Moye v. Cogwell*, 69 N. C. 93.

All who deal with an attorney or other agent must ascertain the extent of his authority. If they do not inquire, they can claim no protection because they indulged suppositions or conjectures, reasonable or unreasonable, that the agent had the authority he was exercising.—*Gullett v. Lewis*, 3 Stew. 23. The law defined the extent of the general power of the attorney, and is presumed to be known of all men, more than fifty years ago. In the case of *Gullett v. Lewis, supra*, the power of an attorney at law was defined, this court saying : He " is the special agent of his client, whose duties usually are confined to the vigilant prosecution or defense of the suitor's rights. By virtue of his engagement ·as an attorney, he is not authorized to compromise the matter of controversy, to execute a release of · his client's demand, or even to release the responsibility of a witness to his client, that he may be rendered competent." The compromise of which the court was speaking, was not an adjustment of pending litigation, but the composition of an admitted debt. The authority of this case has never been disputed, and it has been often cited with approbation, as defining accurately the general power of an attorney.— *West v. Ball*, 12 Ala. 340 ; *Chapman v. Cowles,* 41 Ala. 103. Whoever has dealt, or may in this State deal with an attorney, can have no right to rely on his exercise of any other power, unless it is specially conferred. Whether it has been specially conferred, they must, at their own peril, ascertain. The acceptance by the attorney of a less sum than was due upon the judgment did not operate its satisfaction ; and the transfer or assignment of the judgment was in excess of his authority.

The decree of the chancellor must be reversed, the injunction dissolved, and the bill dismissed. · The appellee must pay the cost of appeal in this court, and the court of chancery, and the costs in the court of chancery, to be taxed by the register.