# Senn v. Joseph.

*Motion to set aside Judgment.*

1. *Attorney and client; authority of attorney to compromise.*—An attorney by virtue of his general employment and relationship to his client, as such, has no power and authority to accept in payment of an ascertained debt a less sum than is owing and due, or, in the absence of express authority, to compromise and accept in payment of a litigated claim an amount less than he is instructed by his client to demand and collect, nor has he authority to bind his client by ac-

[Senn v. Joseph.]

cepting a compromise judgment in a pending litigated suit for a less amount than that claimed and sued for.

2. *Same; authority under statute.*—By statute (Code, § 886) an attorney is invested with power and authority to bind his client in reference to all matters which relate to the prosecution or defense of the rights of his client; but the statute does not confer upon an attorney authority to compromise the claim of his client, whether liquidated or unliquidated, admitted or controverted.

3. *Same; relevancy of evidence on motion to set aside compromised judgment.*—On a motion by plaintiff to set aside a compromised judgment agreed to by plaintiff's attorney, on the ground that the plaintiff had not authorized the attorney to effect such compromise, the real question being upon the power and authority of an attorney to bind his client by a compromise of the case, testimony tending to show that the compromise was beneficial to plaintiff, and that no larger amount could have been recovered by trial than by said compromise judgment, is immaterial, irrelevant and inadmissable.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

A suit was brought by appellant, Charles A Senn, Register for the use of S. W. Downey, to recover damages for the breach of an injunction bond, given by appellees, conditioned to pay all such damages as said Downey might sustain by the suing out of an injunction to restrain the sale of certain stock in the Birmingham, Powderly & Bessemer Street Railroad Company, should the same be dissolved. The complaint alleged the dissolution of the injunction, and claimed as damages attorney's fees and a depreciation of the stock pending the injunction. Judgment was rendered in favor of the plaintiff for one hundred and fifty dollars, based on an agreement in writing filed in the cause, and referred to in the judgment entry. This agreement was signed by the attorney of the plaintiff. Motion was made by the plaintiff to set aside this judgment, on the ground that the attorney had no authority to make the agreement. This motion was overruled by the court. The present appeal is taken from this ruling, which is here assigned as error.

CHARLES B. POWELL, for appellant.

WHITE & HOWZE, *contra.*—Here there was a pending suit in which the attorney of record of the plaintiff

signed and filed the agreement in relation to the cause. This is all that is required by the statute. If the agreement relates to the cause and is in writing filed therein, it is binding upon the client, in the absence of fraud, of which there is no pretense. Besides this was really nothing more than an agreement that a judgment might go in favor of the client for a certain sum.—*Beverly v. Stephens*, 17 Ala, 705. Certainly, if the attorney for the defendant may consent that a judgment may go against his client for a certain sum, the attorney for the plaintiff may consent that the judgment may go in his favor.

It is the daily practice to enter decrees &c. in causes pending in the chancery court by consent in writing, signed by the solicitors of the parties.—*Charles v. Miller*, 36 Ala. 141.

COLEMAN, J.—There is but one question in the case, and that is whether an attorney, representing a plaintiff in a pending litigated suit, has authority to bind his client by a compromise judgment for a less amount than that claimed and sued for.

The appellant had sued the appellees upon an injunction bond, and claimed as damages the full amount stipulated in the bond. Her counsel, without authority, or her knowledge, entered into a written agreement with the defendants to accept a judgment for a less amount than claimed, and upon the call of the case, a judgment was rendered for her as per written agreement of counsel on file in the cause. The liability of defendants on the bond was contested. Within what appears to have been a reasonable time, and while the circuit court had jurisdiction, the plaintiff applied to the court, to set aside the judgment, upon the ground, that she had never authorized her attorney to make such an agreement or to compromise the case upon any terms. These facts are not controverted. Many affidavits have been filed to show that the compromise was beneficial to her, and that under no circumstances could she have recovered a judgment for so large an amount as that received by the compromise judgment. We do not think these facts material or relevant. The real question is as to the power and authority of an attorney, by virtue of his general employment and relationship to his client as such, to bind his client by a compromise of the case. In the ab-

[Senn v. Joseph.]

sence of a statute, we think the authorities clear and supported by principle that an attorney, as such, has no authority to accept for his client in payment of an ascertained debt, a less amount than is owing and due, nor in the absence of express authority to compromise and accept in payment of a litigated claim an amount less than that he is instructed by his principal to demand and collect, and which, as attorney, he has undertaken to collect. An attorney is not bound to represent and insist upon a claim, which is not reasonable and just, or to continue to litigate for such claim after he has become satisfied that it unreasonable or unjust; but he has no authority to determine these facts for his client, and bind him to such conclusion.—1 Brick. Dig., 191, § 30. How far these principles have been changed by statute, is the question of difficulty. Section 886 of the Code of 1886 reads as follows : ''An attorney has authority to bind his client, in any action or proceeding by any agreement in relation to such cause made in writing, or by an entry to be made on the minutes of the court.'' The statute, as embodied in this section of the Code, has been in force without alteration at least since 1852.—Code of 1852, § 743. We do not think the effect of this statute is to invest the attorney with power over the entire cause equal to that of his client, but to invest him with authority to bind his client, in all matters which relate to the prosecution or defense of the rights of his client, to collect and receipt for him, to sue out and direct process, to make all such preliminary agreements as he may deem necessary to lead to or secure a trial of the cause, and settle by agreement or waiver any and all questions which incidentally arise during the progress of the trial. Many other instances or powers might be enumerated. The statute does not enlarge the duties of an attorney, nor give him authority to compromise the claim of his client, whether liquidated or unliquidated, admitted or controverted. In this particular his duties and authority are the same as they were or would be without the statute. Courts often set aside agreements of counsel because improvidently made ; but orders of this kind apply to agreements within the scope of the authority of counsel. The action of the court would not be based upon the grounds of ''improvidence,'' if there was no authority for making the agreement. We have many de-

cisions rendered since the adoption of the statute, found in section 886, *supra*, which declare that an attorney has no authority to compromise a claim before suit, nor after it has been reduced to judgment. We are not aware that any decision has been rendered in which it was held that he had authority to compromise a pending suit, and we see no sound reason for making a distinction. Before suit he has authority to collect, and not to compromise. The purpose of the suit is to collect. All authority necessary to prosecute the claim by suit to judgment is conferred upon an attorney authorized to sue. The object of the suit is to collect the demand. The power to compromise the demand does not arise from the authority to sue. It is not incidental, and requires express authority. To give the statute the construction contended for by appellees would invest an attorney after suit has been instituted with power co-equal with his client over the cause of action. The decisions of this court do not justify the contention, and we are of opinion, it would exceed the intention of the legislature.—*Robinson v. Murphy*, 69 Ala. 543 ; *Rosenbaum v. The State*, 33 Ala. 354; *Hall Safe & Lock Co. v. Harwell*, 88 Ala. 441; *Chapman v. Cowles*, 41 Ala. 103; *West v. Crommelin*, 12 Ala. 340; *Charles v. Miller*, 36 Ala. 141; *Harvey v. Thorpe*, 28 Ala. 250 ; *Ex parte Hayes*, 92 Ala. 120; *Gullett v. Lewis*, 3 Stew. 23.

Our conclusion is the circuit court erred in refusing the motion to set aside the judgment, rendered upon the written agreement of counsel, made without authority, and a judgment will be here rendered to that effect.

Judgment set aside and cause remanded for trial.