145 So. 462

**NATIONAL BREAD CO. v. BIRD (two cases).**

**6 Div. 213, 213–A.**

Supreme Court of Alabama.

Jan. 12, 1933.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellees.

BROWN, J.

By agreement of the parties, two appeals are embodied in one record. One of the suits is by the wife against the appellant for personal injuries received on October 27, 1931, in an automobile collision alleged to have been proximately caused by the negligence of the defendant, and in which she claimed $25,000 as damages. The other is by the husband for property damage to the plaintiff's automobile, and for loss of the wife's services in consequence of her injuries. Both suits were filed on November 3, 1931, and service was perfected on the defendant on November 7, 1931. The defendant appeared and filed demurrers to the complaints on December 4, 1931, and on January 6, 1932; a judgment by consent was entered in the wife's case for $500, and in the husband's case for $150.

On February 3, 1932, the plaintiffs each filed a motion to set aside and vacate the judgment, the wife alleging as grounds therefor that she did not authorize the filing of the suit, nor did she authorize any settlement of her cause of action, and that said judgment was entered as by agreement without her authority or knowledge; the husband alleging, as grounds for his motion, that said judgment by agreement was entered without his knowledge, and that his attorney who consented thereto had no authority to compromise his cause of action.

The motions were presented to the presiding judge of the court on the date of their filing, and were set for hearing on February 20, 1932, at which time they were heard on evidence given ore tenus, and the court entered in each case the following order: "It is ordered and adjudged by the court that this motion be and the same is hereby granted, judgment set aside and cause reinstated to the docket; and it is further ordered, ad-

judged and decreed that Fred Fite has an attorney's lien upon the cause of action to the extent of one-third of the recovery herein, and defendant excepts."

It is well settled that an order made by the circuit court, in the exercise of its plenary power, granting or denying a motion to set aside a judgment rendered in an action pending in said court, other than a motion for new trial where there has been a trial on the facts, will not support an appeal. Ex parte Gay (Sovereign Camp, W. O. W. v. Gay) 213 Ala. 5, 104 So. 898; Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664; Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879. The appeals must therefore be dismissed.

The appellant, anticipating the dismissal of the appeals, has submitted, in the alternative, in each case a motion for the issuance of a writ of mandamus to compel the vacation of said orders.

The first contention on this phase of the case is "that the overwhelming weight of the evidence shows that" the attorney who brought the suits "did have authority to compromise the cases." While it may be conceded that there is some conflict in the evidence on this point, it is our judgment that the great weight of the evidence shows no express authority on the part of plaintiffs' attorney to compromise the cause of action, and the plaintiffs were in no way consulted about the settlements that were made, and had no knowledge thereof until the judgments were entered. We are therefore not of opinion that the court can be put in error, for the reason that his conclusion and judgment is not supported by the evidence.

The next contention is that the great weight of authority supports the view that a judgment rendered in open court by agreement of an attorney is conclusive and binding on the client, in the absence of fraud, although the attorney acts beyond the scope of his authority. This statement of the rule, with some qualifications, is the rule in some jurisdictions. 6 C. J. 645, § 150. But the rule of our decisions, which is in accord with the weight of authority, is that compromise of the client's cause of action is not within the scope of an attorney's general authority, and to this end he must have the express authority of the client. Senn v. Joseph, 106 Ala. 454, 17 So. 543; Craft v. Standard Acc. Ins. Co., 220 Ala. 6, 123 So. 271; Robinson v. Murphy, 69 Ala. 543; Lockhart v. Wyatt, 10 Ala. 231, 44 Am. Dec. 481; Gullett v. Lewis, 3 Stew. 23; Dwight v. Hazlett, 107 W. Va. 192, 147 S. E. 877, 66 A. L. R. 102, and annotations pages 107–139.

The reason of the rule is that an attorney at law "is the special agent of his client, whose duties, usually are confined to the vigilant prosecution or defence of the suitor's rights." Gullett v. Lewis, supra. "The power of an attorney is not co-equal, co-extensive, or the equivalent of that of the client. He is, as has been said in numerous decisions of this court, a special agent, limited in duty and authority to the vigilant prosecution or defense of the rights of the client. He can enter into no bargains or contracts, though he may make agreements in writing touching the course of proceedings in pending suits, or the issue or return of executions on judgments he may have obtained, which will bind the client." Robinson v. Murphy, supra.

The binding effect of a compromise entered into by an attorney without express authority depends upon the client's ratification, and, although the compromise may have been carried into a judgment of a court, the judgment is at most prima facie evidence of the attorney's authority, and, if he was without express authority, and the compromise is not ratified, but is repudiated, such judgment will be set aside on timely motion. Senn v. Joseph, supra; Dwight v. Hazlett, supra; and authorities cited in note (d), 66 A. L. R. 133.

As was observed in Holker v. Parker, 7 Cranch (U. S.) 436, 453, 3 L. Ed. 396, "Though it may assume the form of an award or of a judgment at law, the injured party, if his own conduct has been perfectly blameless, ought to be relieved against it. This opinion is the more reasonable because it is scarcely possible that, in such a case, the opposite party can be ignorant of the unfair advantage he is gaining. His conduct can seldom fail to be tainted with some disingenuous practice; or, *if it has not, he knows that he is accepting a surrender of the rights of another from a man who is not authorized to make it.*" (Italics supplied.)

The same thought is expressed in different language in the opinion of this court in Robinson v. Murphy, supra: "All who deal with an attorney or other agent must ascertain the extent of his authority. If *they do not inquire,* they can claim no protection because they indulged suppositions or conjectures, reasonable or unreasonable, that the agent had the authority he was exercising." (Italics supplied.) 69 Ala. 548.

The agreements involved in the cases of B. F. Roden Grocery Co. v. McAfee, 160 Ala. 564, 49 So. 402, and Palliser v. Home Telephone Company, 170 Ala. 341, 54 So. 499, were in respect to the course of procedure to be followed in pending cases, and were within the general authority of the attorneys. Wadsworth v. First National Bank of Montgomery, 124 Ala. 440, 27 So. 460. Nothing said in these cases modifies the holding in Senn v. Joseph, 106 Ala. 454, 17 So. 543.

There is nothing in the evidence showing, or tending to show, that either of the plaintiffs sought negotiations with the de-

fendant or its attorney, and the most the evidence shows as to the plaintiffs' conduct was that Bird informed defendant's attorney that he had employed Fite as attorney, and he would have to deal with him. There is certainly nothing in this to lead any one to assume that Fite had special authority to compromise the claim—in one case for 2 per cent. of the amount claimed, and in the other 3 per cent. of the claim. And there is nothing in the evidence going to show that defendant's attorney made any inquiry of plaintiffs' attorney as to his authority, or that he was in any way misled or deceived by the plaintiffs or either of them. The evidence shows, at most, that defendant's attorney assumed that the authority to compromise the causes of action was within the general authority of an attorney at law, and made no inquiry as to any special authority. This mistake of law cannot be attributed to the plaintiffs as a basis of estoppel in denial of the relief sought by the motions.

The plaintiffs, as the undisputed evidence shows, received no part of the funds paid in satisfaction of the consent judgments, but immediately, upon being advised of the compromise, repudiated it, and, within the time allowed by law, filed the motions to vacate the judgments. If it be assumed that the court had the power to compel plaintiffs' attorney, upon whose consent the judgments were rendered without express authority from his clients, to return the money to the clerk of the court or the defendant, there is nothing in the pleadings to show that defendant invoked the exercise of such power; therefore that question is not presented by the defendant's motion for mandamus.

■ Nor is there anything in the motion or answer thereto that gives the court jurisdiction to declare a lien on the causes of action in favor of Mr. Fite who was not a party to the proceedings before the court. In the absence of intervention by the party asserting the lien, which gives the parties adversely interested the right to controvert the existence of the lien, or its loss or waiver, the court was without jurisdiction to establish the lien or declare its existence. The correct procedure in such case is illustrated by Denson v. Alabama Fuel & Iron Co., 198 Ala. 383, 73 So. 525; same case, second appeal, 208 Ala. 337, 94 So. 311.

McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3, was a proceeding by bill in equity to enforce an attorney's statutory lien on money authoritatively received by the attorney, and in his possession at the filing of the bill, and all parties interested in the proceeding were before the court, and it was held that the jurisdiction invoked in that case was conferred by the statute, Code 1923, § 8935.

The court, in the instant case, was without jurisdiction to declare a lien on the causes of action, and the orders entered in that respect are coram non judice, and void. This part of said orders will be treated as surplusage. This, however, does not affect the jurisdiction and authority of the court to set aside and vacate the judgments, and the orders in this respect were, under the facts, entered without error.

The motions for mandamus will therefore be denied, at the cost of the movant.

Appeals dismissed and writs of mandamus denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.