This action upon a note and for an accounting was instituted by the two administraces C.T.A. of the estate of Mr. Jackson, deceased.
One aspect of this case concerns the authority of Mr. McDowell, the former attorney for the plaintiffs, to settle this case. It is undisputed that Mr. Vinson, the attorney for the defendant, with the full permission of his client, and Mr. McDowell, both in good faith, agreed that the case be dismissed with prejudice in consideration of *Page 32 
the payment of $2,000 to the plaintiffs by the defendant.
Mr. McDowell was not called to testify as a witness in the case. Mr. Vinson swore that Mr. McDowell had informed him that the plaintiffs had given him authority to settle the litigation and, thereafter, the attorneys reached the agreement through "horsetrading." Mr. Vinson then prepared a written settlement agreement which was signed by the defendant. On January 7, 1983, the defendant personally delivered to Mr. McDowell that agreement along with a check for $2,000 drawn upon the trust account of Mr. Vinson's law firm which was payable to the plaintiffs.
Mrs. Daniel, the only one of the plaintiffs to testify, stated that she and Mr. McDowell had never discussed a settlement of the lawsuit in any manner prior to January 7, 1983. On a date which she does not recall but which was after January 7, 1983, Mr. McDowell showed the agreement and check to her, which was the first occasion that she had heard of any proposed settlement. She then told Mr. McDowell that she "didn't want any kind of deal like that. And I wouldn't sign it. . . ." She never executed the agreement and testified that she never gave her attorney any authority to settle the case.
Evidently, Mr. Jackson and his wife, who is now one of his administratrices, had executed in 1973 a certain specific indemnity agreement as to a corporate debt due to a bank, which was secured by a real estate mortgage.
Mr. Vinson testified that on or about January 10, 1983, which was after the written agreement and check had been delivered to Mr. McDowell, he was telephoned by Mr. McDowell with a request that Mr. Vinson obtain a release by the bank of the plaintiffs from the guaranty agreement. Mr. Vinson informed his client of that request and prepared a release. The release request was considered by Mr. Vinson to be the imposition of another settlement condition upon the defendant, which requirement was met by him. Upon payment of $18,000 to the bank, the release was executed on January 11, 1983, and the mortgage was transferred to the defendant's son. When the mortgage was later foreclosed, the defendant's wife became the purchaser of the property. Mr. Vinson stated that he promptly notified Mr. McDowell of the obtaining of the release and mailed, or otherwise delivered, a copy of the release to him. Mrs. Daniel testified that the release was needed by them in order to remove a claim which had been filed against the Jackson estate.
On January 18, 1983, the defendant filed a motion that the settlement agreement be carried out. Thereafter, Mr. McDowell was appointed to a public office and ceased to represent the plaintiffs. The unindorsed and uncashed $2,000 check which had been delivered to Mr. McDowell was mailed to Mr. Vinson on February 25, 1983 by the plaintiffs' present counsel.
After an ore tenus trial, the circuit court, in effect, ordered that the terms of the settlement be performed. The plaintiffs appealed. Able counsel for both sides have provided this court with helpful briefs.
The appropriate law of Alabama upon the power of an attorney to compromise will be briefly summarized. An attorney cannot settle a client's action or claim or prejudice a client's rights without authorization from the client. Davis v. Black,406 So.2d 408 (Ala.Civ.App. 1981); Nero v. Material SalesCompany, Inc., 340 So.2d 454 (Ala.Civ.App. 1976). The power to compromise a demand does not arise from the power to sue or from an attorney's general authority which is usually limited in both duty and authority to the vigilant prosecution or defense of the rights of the client. The authority to settle is not incidental, but it is essential that an attorney have express, special authority from his client to do so. BirminghamElectric Company v. Cochran, 242 Ala. 673, 8 So.2d 171 (1942);National Bread Company v. Bird, 226 Ala. 40, 145 So. 462
(1933); Senn v. Joseph, 106 Ala. 454, 17 So. 543 (1895);Robinson v. Murphy, 69 Ala. 543 (1881). A person dealing with an attorney must ascertain the extent of the attorney's authority to compromise *Page 33 
the client's claim. Life and Casualty Insurance Company v.Bell, 235 Ala. 548, 180 So. 573 (1938); Robinson v. Murphy,supra. "An attorney employed to represent a litigant in the prosecution or defense of a suit is a special agent of his client and has no implied or inherent authority or right to compromise and settle it." (Citations omitted.) Crawford v.Tucker, 258 Ala. 658, 663, 64 So.2d 411, 416 (1953). An agent's apparent authority must be founded upon the conduct of the principal and not upon the conduct of the agent. Northington v.Dairyland Insurance Company, 445 So.2d 283 (Ala. 1984).
After a thorough review of the entire record, we located no evidence that either of the plaintiffs indicated to Mr. Vinson or to the defendant or led them to believe that Mr. McDowell had authority to settle the case. There was evidence as to the words and actions of Mr. McDowell. However, since the apparent authority of an agent must be based upon conduct of the principal and not of the agent and because of the absence of the required evidence in that respect, we hold that there was no evidence that Mr. McDowell had apparent or actual authority to settle.
However, an agreement of compromise which is entered into by an attorney without authority from his client may become binding if it is ratified by the client. National Bread Companyv. Bird, supra. Where an attorney had no authority to settle but did so, the client may rescind it or he may ratify the settlement agreement. Ratification may be express, but its presence or absence is more usually implied from the circumstances of the particular case. "Silence and inaction on his [the client's] part after knowledge is a ratification as a matter of law. He cannot ratify in part; cannot hold the fruits of the transaction and deny to the other the benefits accruing to him. . . ." McFry v. Stewart, 219 Ala. 216, 218, 121 So. 517,518 (1929). Slight evidence of acquiescence on a client's part may be deemed a ratification of the acts of his attorney in making a compromise. 7A C.J.S. Attorney and Client § 189 at 308. That is an accurate statement of the law in Alabama, for we retain and apply the scintilla of evidence rule. Ratification in this case was a question of fact for the trial court to determine. Waters v. Blackmon, 228 Ala. 462,153 So. 739 (1934). The trial having been orally heard before the circuit court, its decision is presumed to be correct regarding factual questions and, if it was supported by the evidence and reasonable inferences therefrom, we are not authorized to alter it unless it was palpably wrong. Lovejoy v. Franklin,426 So.2d 841 (Ala.Civ.App. 1983). The trial court could have ascertained that the obtaining of the release was a fulfillment by the defendant of a term of a final agreement of compromise. The bank released the Jackson estate, as well as Mrs. Jackson individually, from a possibly substantial indebtedness. The plaintiffs, thus, have obtained and retained a part of the fruits of the entire settlement and seek to deny to the defendant any of the benefits contained in the compromise. It is also noteworthy that the trial court could have ascertained that the $2,000 check was retained, with the knowledge of the plaintiffs, for up to fifty days before being returned to Mr. Vinson, and that such retention was for such an unreasonable period of time as to constitute ratification by the plaintiffs of the agreement made by the attorneys. Accordingly, the evidence supports the holding of the trial court, which was not palpably wrong.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 34