HOLMES, Judge.
This is a breach of contract case.
The defendant (Charles Mitchell) owned a house which he was going to move from one lot to another. After negotiations with the plaintiff (Lonnie Simpson), plaintiff and defendant entered into a written contract, whereby the plaintiff would pour the “slab” at the new housesite and make certain repairs to the house once it was moved. In other words, the placement of the slab would, in effect, determine where the house was to be located on defendant’s lot.
Prior to the house being moved, the defendant had the new site cleared and graded. After the house was moved to the new site and repairs had begun, it was discovered that the house was not properly located on the defendant’s property. In fact, it was partially located on another’s property. Thereafter, the defendant stopped paying the plaintiff.
The plaintiff then sought damages for breach of contract and on account in the circuit court. The defendant counterclaimed, alleging that the plaintiff was negligent in improperly placing the defendant’s house on the new site. After an ore terms hearing, the trial court found that there was no duty on the plaintiff to demand a survey of the defendant’s property and awarded the plaintiff $8,868.40 for labor and materials pursuant to the contract.
The defendant appeals. We affirm.
The dispositive issue on appeal is whether the findings of the trial court are supported by the evidence. Put another way, in this instance was the plaintiff responsible for surveying the property before beginning work pursuant to the written contract?
Initially, we note that it is well settled that there is a presumption of correctness in a trial court’s finding in any case presented ore terms. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The trial court's decision is presumed to be correct regarding factual questions, and if the decision is supported by the evidence and reasonable inferences therefrom, this court is not authorized to alter it unless it was palpably wrong. Daniel v. Scott, 455 So.2d 30 (Ala.Civ.App.1984).
After carefully reviewing the record, we find that the following is pertinently revealed: The written contract entered into between the plaintiff and defendant did not state that the plaintiff was responsible for having the new housesite surveyed. Further, the defendant testified that the written contract represented his agreement with the plaintiff in reference to the work to be done. The evidence is also undisputed that the defendant was the one who had the new housesite cleared and graded prior to the plaintiff’s pouring the “slab” for the house. The plaintiff testified that the defendant accompanied him in the placing of the preliminary stakes for the location of the house. Also, the plaintiff testified that the defendant instructed him where he wanted the house located on the property. The defendant further testified that he never asked the plaintiff to do a survey on the property.
Here, the trial court heard all the evidence and observed the demeanor of the witnesses. It appears from the record that there was some conflict in the testimony. However, when the trial court has to resolve conflicts in the facts testified to, this court may not reweigh the testimony and substitute its own judgment for that of the trial court. Isbell v. McAbee, 448 So.2d 372 (Ala.Civ.App.1984).
In view of the above, we cannot say that the trial court’s findings are palpably wrong or without supporting evidence.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.