CARRADINE *vs.* O'CONNOR.

1. A decree may be rendered without proof, when the bill has been taken for confessed on personal service, whether the defendant be a resident or a non-resident, (Clay's Digest, 354, § 58.)
2. The fact that a mortgage contains a power of sale does not deprive a court of chancery of jurisdiction to foreclose.

ERROR to the Chancery Court of Mobile.
Heard before the Hon. J. W. LESESNE.

BOYLES, for plaintiff in error.
TAYLOR, *contra.*

CHILTON, J.—This was a bill filed by the defendant in error against the plaintiff in error to foreclose a mortgage on certain property, containing a power of sale, made by Carradine to O'Connor, to secure the payment of a promissory note for four hundred dollars, bearing even date with the mortgage, namely, the 18th day of December, 1851, and due thirty days after the date thereof.

The bill is in the usual form, and prays an account to be taken of the debt due to the plaintiff, and that the property be sold to pay the same. Process of subpœna was regularly executed on the defendant, who refused to answer, and a decree *pro confesso* was rendered against him. The mortgage and note, with the protest, were introduced and proved, the same being exhibits to the bill; and the case was referred to the master to report the amount due. His report was duly made, read as the statute requires, and confirmed by the Chancellor, who decreed that the property be sold, under the usual notice prescribed by the decree, for the payment of the sum so reported; that the proceeds be brought into court, and that an order of seizure issue to obtain possession of the property so as to carry the decree into effect.

A number of errors have been assigned on the decree, but the parties have submitted the case without any argument.

We have looked into the case, and are unable to perceive

any error. Indeed, the proceedings seem to have been conducted with more than usual accuracy, and to conform to the strictest rules of chancery pleading.

1. The objection taken by the first assignment, that the decree was rendered on the bill without proof, is not sustained by the record; for that shows, that the mortgage and note were proved. But, aside from this, it is settled, that under our statute (Clay's Dig. 354, § 58) a decree may be rendered without proof, when the bill has been taken for confessed on personal service, and this, whether the defendant be a resident or non-resident. Wellborn v. Tiller, 10 Ala. 306; Butler v. Butler, 11 ib. 668; Arnold v. Sheppard, 6 ib. 299.

2. The fact that the mortgage contains a power of sale, does not deprive the Court of Chancery of jurisdiction, as is supposed by the second assignment of error. This point is settled in McGowan et al. v. Branch Bank at Mobile, 7 Ala. 823, and Marriott & Hardesty v. Givens, 8 ib. 694.

The other assignments of error are fully embraced by the decisions above cited, as they are substantially a repetition of those we have noticed.

There is no error in the record, and the decree is consequently affirmed.