## LONGMIRE *vs.* GOODE & ULRICK.

[CREDITORS' BILL TO ESTABLISH AND ENFORCE GENERAL ASSIGNMENT.]

1. *What is general assignment.*—A deed, by which a debtor conveys to a trustee, for the benefit of certain specified creditors, substantially all the property which he holds subject to legal process in this State, is a general assignment, (Code, § 1556,) and enures to the benefit of all his creditors equally.

2. *Weight of answer as evidence.*—Where a creditors' bill seeks to have a deed of trust, executed by a debtor for the security of a portion of his creditors, declared a general assignment; an answer by the preferred creditors, which denies that the deed is a general assignment, or that it conveys all the grantor's property, but which is silent as to any other property then owned by him, is entitled to but little weight as evidence.

APPEAL from the Chancery Court at Claiborne.
Heard before the Hon. M. J. SAFFOLD.

THE bill in this case was filed by the appellees, as creditors of William M. Longmire, on behalf of all the creditors who might come in and contribute to the expenses of the suit, against said W. M. Longmire, J. J. Longmire, Garrett Longmire, and Stanford Mims. Its object was to have a deed of trust, by which said Wm. M. Longmire conveyed certain real and personal property to J. J. Longmire, as trustee, for the security and indemnity of Garrett Longmire and Mims against liability as sureties for Wm. M. Longmire on a guardian's bond, declared a general assignment, and held to enure to the equal benefit of all the creditors ; and it also prayed that said trustee might be required to give bond for the execution of the trust under the directions of the court, or that a receiver might be appointed to take possession of the property. A decree *pro confesso*, on publication, was entered against Wm. M. Longmire. Separate answers were filed by the other defendants ; each denying that the deed was a general assignment, or that it conveyed all the grantor's property. On final

37

hearing, on pleadings and proof, the chancellor rendered a decree for the complainants; and his decree is now assigned as error.

S. J. CUMMING, with whom was E. S. DARGAN, for appellants, cited Burrill on Assignments, (2d ed.) 126–30; *Davis v. Anderson*, 1 Kelly, 176; *Lee v. Brown*, 7 Georgia, 275; *Lavender v. Thomas*, 18 *ib*. 668; *Meredith Manufacturing Company v. Smith*, 8 N. H. 347; *Henshaw v. Sumner*, 23 Pick. 446; *Bloom v. Noggle*, 4 Ohio St. R. 45; *Harkdrader v. Leiby*, *ib*. 602.

ANDERSON & BOYLES, and TORREY & LESLIE, *contra*, cited *Holt & Chambers v. Bancroft*, 30 Ala. 193; *Warren v. Lee & Larkins*, 32 Ala. 440; *Downing v. Kintzing*, 2 Serg. & R. 326; *Noyes v. Hickok*, 27 Vermont, 36; *Massey v. Noyes*, 26 *ib*. 462; *Bishop v. Hart's Trustees*, 28 *ib*. 71.

STONE, J.—The deed of conveyance from Wm. M. Longmire to John J. Longmire, dated November 18th, 1857, is a general assignment under section 1556 of the Code, if the grantor thereby conveyed substantially all the property which he held, subject to legal process from the courts of Alabama. This principle is too well settled to require more than a citation of our own decisions.—*Holt v. Bancroft*, 30 Ala. 193; *Price v. Mazange*, 31 Ala. 701; *Warren v. Lee*, 32 Ala. 440. This case, then, resolves itself into a question of fact.

[2.] The answers of the defendants, while they persistently deny that the deed is a general assignment, or that it conveys all the property which the said Wm. M. Longmire then owned in the State of Alabama, are as steadfastly silent as to any other property which he did own. This omission justifies us in giving but little weight to these chary denials.—*Grady v. Robinson*, 28 Ala. 289.

An attempt is made in the proof to show that Wm. M. Longmire owned the negro woman Sarah, and her boy Nelson. This, we think, is an utter failure. As against any claim which Wm. M. Longmire could assert, she and

her child were certainly the property of Dennis on the 18th day of November, 1857; and they were probably out of this State at that time. We think the buggy and two horses were also out of the State. The cattle, the corn, and the gun, were exempt from levy and sale for the use of the family.

This disposes of all the property left out of the deed, except the old slave Ned, the remnant of merchandise, and the sulky. Ned was utterly valueless. The merchandise, some two or three hundred dollars worth, we think had been disposed of to other parties; and the sulky was of but inconsiderable value. We hold, that the deed conveyed substantially all the property owned by Wm. M. Longmire which, at the time, was subject to process issuing from the courts of Alabama; and that it is a general assignment.

We have thus disposed of the only assignment of error found in the record; and the result is, that the decree of the chancellor must be affirmed.