# Alexander *v.* Rea.

*Bill in Equity for Reformation and Foreclosure of Mortgage.*

1. *Reformation and foreclosure of mortgage.* — A mortgagee may come into equity, to have his mortgage reformed, by the correction of a mistake in the description of the lands conveyed, and to have it foreclosed after the law-day has passed ; and when the jurisdiction of the court has attached for that purpose, it will go on and settle all questions in litigation between the parties, growing out of those matters.

2. *Multifariousness.* — A bill filed by a mortgagee, asking the correction of a mistake in the description of the lands conveyed, and a foreclosure of his mortgage, is not multifarious, because it also seeks to have another mortgage, executed by the mortgagor on the same day with the first, and conveying the same lands, together with other property, declared a general assignment, and held to enure to the benefit of all the creditors equally, who are not shown to be any other persons than the two mortgagees.

3. *Assignments of error ; sufficiency of.* — An assignment of error in these words, " The court erred in the decree rendered," or, " In decreeing relief to the complainant," is not sufficiently specific and definite.

[Alexander *v.* Rea.]

APPEAL from the Chancery Court of Macon. Heard before the Hon. B. B. McCRAW.

GRAHAM & ABERCROMBIE, for appellant.

GEORGE W. GUNN, *contra.*

PETERS, C. J.— This is a suit in chancery to reform a mortgage, by correcting a mistake in the description of the lands intended to be conveyed; for the foreclosure of the mortgage; and also to have a second mortgage on the same lands and other property of the mortgagor, executed on the same day, declared a general assignment for the benefit of all the creditors of the mortgagor. There is a demurrer to the bill for want of equity, and also for multifariousness. The demurrer was overruled, and there was a decree for the complainant in the court below. The defendants appeal to this court, and assign the action of the court below on the demurrer and final decree for error.

1. The demurrer was not well taken, on either ground of objection specified in the plea. The evidence very clearly shows, that there was a mistake in the description of the land intended to be conveyed by the mortgage to Rea, and also that the law-day of the mortgage had passed before the bill was filed. These are both grounds, which justify the assumption of jurisdiction by a court of chancery. *Whitehead* v. *Brown,* 18 Ala. 682; 1 Story's Eq. §§ 110 *et seq.; Ala. Life Ins. & Trust Co.* v. *Pettway,* 24 Ala. 544; 21 Ala. 573; 2 Story's Eq. §§ 1025 *et seq.* And when once jurisdiction attaches, the cause will be retained, until all questions of litigation, growing out of the matters brought before the court by the bill, are settled. *Stow* v. *Bozeman,* 29 Ala. 397; *Scruggs* v. *Driver,* 31 Ala. 274.

2. The bill shows, that the lands which were mortgaged to Rea were also mortgaged to Alexander, and that all the property owned by Williams, the mortgagor, besides the land, was also included in Alexander's mortgage; and that this made it a general assignment, which enured to the benefit of all the creditors of Williams, the grantor; and that Rea was one of such creditors. This being admitted, as it is by the demurrer, Alexander, being the only other creditor besides Rea, would be liable to account for all the assets above the lands mentioned in the mortgage, and to distribute the same among the general creditors. *Warren* v. *Lee & Larkins,* 32 Ala. 440; *Longmire* v. *Goode & Ulrick,* 38 Ala. 577; Rev. Code, § 1867. The bill does not show that there were more than two creditors of Williams, Rea and Alexander. Each of these had

a mortgage of the same date, upon the same lands; but the mortgage to Alexander was a general assignment. Rea as complainant, and Williams and Alexander as defendants, were the only parties to the suit. In such a case, Alexander was a proper party to the bill. He was interested in the subject-matter of the suit. Mitf. Ch. Pl. pp. 163, 164, marg. All the matters of the bill are legitimately connected, and all the parties defendant are interested in their determination. Such a bill is not multifarious. To constitute multifariousness, the bill must set forth several distinct matters, perfectly unconnected. This is not the case here. 5 Ala. 397; 9 Ala. 351; 2 Ala. 573; 47 Ala. 273; 15 Ala. 472; Mitf. Ch. Pl. pp. 181, 182, marg.

3. No specific objection has been pointed out to the decree from which this appeal is taken, by the learned counsel for appellants, except those above considered, which arose on the demurrer. The general assignments, marked 3 and 4, are not stated with that precision required by the rule of practice in such a case as this. The one is thus stated: " 3. The chancellor erred in the decree rendered." And the other is equally indefinite: " 4. In decreeing relief to the complainant, Rea." Most obviously, Rea was entitled to have the mistake in his mortgage corrected, upon the allegations of his bill, and the proofs adduced in its support. He was also entitled to a decree of foreclosure. He was, then, entitled to relief to this extent. And as it is not shown, or pretended, by Alexander in his answer, that his mortgage was prior to that given to Rea, and that it was not a mortgage of all the property, real and personal, which Williams, the debtor, owned at the date of its execution, the chancellor did not err in treating the allegations, which were not denied on these points of the pleadings, as true. *Kirkman* v. *Vanlier*, 7 Ala. 217; 8 Ala. 772; 23 Ala. 762; 1 Port. 257. With this view of the facts and the law of this case, there is no error in the decree of the court below. It must, therefore, be affirmed.

The judgment of the court below is affirmed, at said Lewis Alexander's costs.