# Smith v. Smith.

*Bill in Equity to Compel an Accounting by Administrator, for the Foreclosure of a Mortgage, and to Compel Attaching Creditors to Account for Proceeds from the Sale of Mortgaged Property.*

1. *Bill in equity; multifariousness; misjoinder of parties.*—One of the children and heirs-at-law of a deceased intestate was appointed ad-

[Smith v. Smith.]·

ministrator of his estate. Another heir-at-law was one of the sureties on the administrator's bond. The administrator, the heir-at-law who was surety on his bond, and the widow of the testator formed a mercantile partnership, to which firm the administrator loaned a large sum of money, from the assets of the intestate's estate. The mercantile firm failed, and on the day of its failure, the members thereof executed a mortgage to certain named sureties on the administrator's bond ''for the protection of the grantees and the other bondsmen, and for the benefit of the heirs of said estate, other than those who are members of said firm.'' Various creditors of the partnership attached all the property conveyed in said mortgage, and under these attachments all the personal property was sold, and its proceeds appropriated by the attaching creditors, respectively, who also had condemned, by judgment, the real estate conveyed in the mortgage, and a part of it sold by the sheriff. On these facts, a bill filed by the heirs-at-law of the deceased against the administrator and his sureties, the partners, the attaching creditors and the sheriff, praying that the administrator be required to state an account, that the mortgage be foreclosed, that the attaching creditors severally account for the proceeds of the mortgage property sold under their attachments, and be enjoined from selling the land, that the sheriff's deed be cancelled, and that the administration be removed into the chancery court for final settlement, is not multifarious or objectionable for a misjoinder of parties defendant.

APPEAL from the Chancery Court of Cleburne.

Heard before the Hon. S. K. McSPADDEN.

The facts of the case are sufficiently stated in the opinion.

AIKEN & BURTON, for appellant, cited *Smith v. Smith*, 102 Ala. 516; *Wharton v. Clements*, 3 Del. Chan. Rep. 209; 8 Amer. Law Reports, 299; *Dollins v. Lindsey*, 89 Ala. 217; *Randle v. Boyd*, 73 Ala. 282.

MERRILL & BRIDGES, *contra.*—1. Multifariousness is generally understood to include those cases where a party is brought in as a defendant on a record with a large portion of which, and in the case made by which he has no connection whatever.—*Adams v. Jones*, 68 Ala. 117; 1 Brick. Dig., 719, §§ 1164, 1166; Story's Eq. Pl., §§ 72, 284, 530, 531; Beach's Eq. Prac., § 122.

2. When two or more distinct subjects are embraced in the same suit, the bill is multifarious.—*Hardin v. Swoope*, 47 Ala. 273; 1 Daniel Chancery Prac., 333, 334, 336.

[Smith v. Smith.]

COLEMAN, J.—The facts of the case are sufficiently stated in the opinion delivered on a former appeal and reported in 102 Ala. 516. On the remandment of the cause, the bill was amended as suggested in that opinion. The present appeal is prosecuted from the ruling of the court, sustaining demurrers to the bill on the ground of a misjoinder of parties defendant, and for multifariousness. The grounds of demurrer were not well taken, and should have been overruled. While one purpose of the mortgage was for the indemnity of the sureties of W. R. D. Smith, administrator of Charles A. Smith, the complainants are also made beneficiaries by its very terms, and have an equitable right to enforce the mortgage in their own interest. The real object of the bill is to foreclose the mortgage. It shows that the respondents levied attachments upon the mortgaged property, subsequent to its execution and with notice thereof. It avers that all the personal property amounting in value to five or six thousand dollars was sold at the instance of these attaching creditors, and the proceeds of sale converted by them to their own use. If the averments of the bill be true, the money thus received and held, in equity, is held in trust, for the beneficiaries of the mortgage. The fact that one attaching creditor received one amount on his debt, and another, received a different amount, and that one of these attaching creditors has no interest in that received by the other, does not render the bill multifarious, nor show a misjoinder of parties defendant. The purpose of the bill is single, the relief is the same, and that is to reach the property, or its proceeds, conveyed in the mortgage for the benefit of complainants. It is argued that the bill shows that the attaching creditors proceeded separately and independently of each other, and for this reason, they can not be joined. The bill in this respect is favorable to the respondents, for if it charged a conspiracy between the attaching creditors, and the charge was made good by proof, each attaching creditor would be responsible for the entire amount realized, whereas by the averments as made, each creditor is called to account for such part only as he may have received.—*Stover v. Herrington*, 7 Ala. 142 ; *Larkins v. Biddle*, 21 Ala. 252 ; *Randle v. Boyd*, 73 Ala. 282 ; *Bolman v. Lohman*, 74 Ala. 507.

The sheriff Evans may not be an indispensable party,

but he is not an improper party. The bill charges, that he sold as sheriff a lot of land conveyed in the mortgage, and executed a deed of conveyance to the purchaser. The prayer is that this deed be cancelled as a cloud on the title to this property. A final settlement of the administration and a decree against the administrator must precede the decree of foreclosure of the mortgage. This is necessary to ascertain the extent of the relief to which complainants are entitled.

After satisfying whatever judgment or decree may be rendered against the administrator on final settlement of his administration it may be that the surplus if any will belong to the attaching creditors. It is for this reason also necessary that an account be stated against him and his liability be ascertained by a decree on final settlement. The prayer that the administration be removed into the chancery court, was proper. No other court can administer such full and speedy relief, and protect the rights and equities of all the parties. The heirs and distributees have an equitable right to remove the administration into a court of equity.—*Bromberg v. Bates*, 98 Ala. 621. We can not anticipate what the answers of the respondents may disclose, or the evidence may establish. The record is before us on demurrer to the bill, and the rules of practice and the equities of complainant are not difficult of application.

Reversed and remanded.