# Christian & Craft Grocery Co. *v.* Kling.

*Bill to Enforce Mechanic's and Materialman's Lien.*

1. *Multifarious; when a bill is not.*—Where a bill in equity is brought to enforce a merchanic's and materialman's lien on certain machinery of a saw mill and on the lot of land on which the saw mill is located; and it is therein alleged that some of the defendants had wrongfully removed the machinery from the saw mill after complainant's lien attached and carried it out of the State, and the bill prays that they be decreed to be trustees thereof, and either to return the same or account to complainants for the value thereof, the bill is not multifarious or otherwise objectionable, because of these allegations or of the prayer.

2. *Same.*—A bill to enforce a mechanic's and material man's lien is not multifarious or otherwise bad because it makes prior mortgagees of the property on which the lien is claimed parties and seeks, as against them, to subject to complainant's demand that part of the value of the property which resulted from the improvements which the complainant put upon it in labor and supplies.

3. *Same.*—Where the object of a bill is single, as to enforce a lien, and such will be the effect of granting the relief prayed, and so long as this end only is kept in view and sought to be effectuated, it cannot be said to be multifarious, however many respondents may be brought in and however diverse and independent may be their claims and attitudes with respect to each other. The complainant has the right in and under one bill to all the relief necessary to the full effectuation of his lien, and he may well bring in under the bill all interests in the property on which it is claimed, which are entitled to a day in court.

4. *Improvements put on mortgaged property after the mortgage; value of, subject to mechanic's lien.*—As against mortgagees a mechanic and material-man is entitled to subject the increased value of property on which his lien attaches, due to his improvement and betterment of it after the execution of the mortgage on it.

5. *Mechanic's lien; not confined to one acre in a city or town.* If it appears by a bill to enforce a mechanic's and material-

[Christian & Craft Grocery Co. v. Kling.]

man's lien that the lot of land against which the lien is asserted is in a town, it is immaterial that the lot contains more than one acre.

The bill in this case was brought by August Kling against the Fruitdale Lumber Co. and others and seeks to have declared in his favor a lien on a certain lot of land and the improvements thereon because he furnished certain materials, fixtures, engine and machinery to the company in repairing and completing a saw mill of the said company situated on said land, and also performed certain work on the engine, boiler, machinery, etc.—all under a contract with said company. The bill alleges that the complainant's account was filed as required by law; that the defendant, Blanchard, claimed to hold a mortgage on the property above mentioned which was executed to him before the lien attached; that the Christian-Craft Co. and another sued out attachments against the Fruitdale Lumber Co. and obtained from the circuit court an order of sale of the fixtures, etc., attached to the said mill and on which the attachments had been levied; that at the sale under such order the Christian-Craft Co. became the purchaser and tore away the fixtures, etc., and removed them out of the State. The bill prays that the Christian-Craft Co. be required to restore the fixtures, etc., or to pay their reasonable value for the same. Demurrers were interposed and overruled; and the Christian-Craft Co. appealed from this decree. Affirmed.

CHAS. L. BROMBERG, JR., for appellant.—(1). The bill fails to show a contract for improvements made with the owner of the real estate, on which a lien is sought to be fastened; hence the demurrer raising this point should have been sustained.—*Randolph v. B. & P. S. Co.*, 106 Ala. 512. (2). The bill is bad in not describing the one acre on which the lien is claimed.—*Mont. Iron Works v. Dorman*, 78 Ala. 218; *Bedsole v. Peters*, 79 Ala. 136. (3). The demurrer should have been sustained to that part of the bill which seeks to hold appellant accountable for the property transported out of the State.—*Chandler v. Hanna*, 73 Ala. 390.

BESTOR & GRAY, *contra,* cited, *Smith v. Smith,* 106 Ala. 298; *Wimberly v. Maybury,* 94 Ala. 240; 2nd Jones on Liens, Sec. 1324; *Young v. Stoutz,* 74 Ala. 574.

McCLELLAN, C. J.—This is a bill to enforce a mechanic's and material-man's lien on certain machinery constituting a saw mill and upon the lot of land upon which the saw-mill plant was located.

(1) The objection to the bill taken by demurrer that it does not show but that the work done by the complainant was that of a journeyman artisan and not by a contractor—the question being important in relation to the statute of limitations—is without merit. Giving the bill a fair construction, it does sufficiently appear that complainant's claim is for materials furnished and work done by him as an original contractor, and hence that his claim of lien and itemized account was seasonably filed in the office of the judge of probate.

(2) The bill also sufficiently shows the amount of the claim and when it became due; and the objection in this connection is without merit.

(3) The bill is not multifarious nor otherwise objectionable because of the facts therein alleged that the Christian-Craft Grocery Company had wrongfully removed the machinery from the saw-mill after complainant's lien attached and carried it out of the State, nor because of its prayer that they be decreed to be trustees thereof, and either to return the same or to account for the value thereof to complainant.—*Smith v. Smith,* 106 Ala. 298.

(4) Nor is the bill multifarious, or otherwise bad, for making prior mortgagees parties, and seeking as against them to subject to complainant's demand that part of the value of the property which resulted from the improvements which complainant put upon it in labor and supplies. The object of the bill is single; to enforce the lien, and such will be the effect of granting the relief prayed. So long as only this end is kept in view and sought to be effectuated, it cannot be said to be multifarious however many respondents may be brought in and however diverse and independent may be their claims and attitudes with respect to each other.

[Southern Home B. & L. Association v. Gillespie.]

Having the right in and under one bill to all relief necessary to the full effectuation of his lien on this property, all interests in it entitled to a day n court, may well be brought in under the bill.

(5) That complainant is entitled to subject the increased value of the property due to his improvement and betterment of it after the execution of the mortgage, is clear.—*Wimberly v. Mayberry & Co.*, 94 Ala. 240.

It appears by the bill that the lot of land upon which the saw-mill was situated at the time the lien asserted accrued is in the town of Fruitdale. It is therefore immaterial that the lot contains more than one acre. Acts 1894-5, p. 1238.

The decree overruling the demurrer to the bill must be affirmed.