# District Grand Lodge No. 7, Independent Order B'nai B'rith v. Marx *et al.*

### Bill in Equity to reform and foreclose Mortgage.

1. *Bill to reform and foreclose mortgage; not multifarious.* Where the ultimate and prime object of a bill is the foreclosure of a mortgage, the fact that the bill seeks the additional relief of the correction of the description of the land conveyed by the mortgage, so as to conform to the intention of the parties, does not render such bill multifarious.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed on March 31, 1898, by the appellant, the District Grand Lodge, No. 7, Independent Order of B'nai B'rith, a corporation organized under the laws of the State of Louisiana, against the appellees.

The following facts were averred in the bill: One Ed Levy executed a mortgage to Marx & Co. to secure an indebtedness from said Levy. Subsequent to the execution of this mortgage Levy sold the lands included in said mortgage to one Dan Peters. No deed was made from Levy to Peters, but Peters paid part of the purchase money and was put in possession of the lands by Levy. Levy died in 1884, and the mortgage debt remained unpaid and was unpaid at the time of the filing of the bill. Marx & Co. was the style under which M. Marx did business, and after the execution of the mortgage to Marx & Co. by Levy, said Marx & Co. transferred the mortgage to one F. M. Marx. It is averred in the bill "that said transfer is irregular and only passed the equity to the lands described in the mort-

gage." It was then averred in the bill "that after said
transfer was made, M. Marx bought the said mortgage
from the said F. M. Marx, but by inadvertence the same
has never been trasferred to him by F. M. Marx.   *   *
That the said F. M. Marx claims no interest in said lands,
but recognized the rights of said M. Marx as the trans-
feree of said mortgage." After the sale of the lands to
Peters, and after the death in 1884 of Levy, said Peters
recognized the superior rights of Marx, and in order to
secure the payment of the balance of the purchase money
evidenced by two notes, executed the mortgage to said
M. Marx upon certain lands. This mortgage was exe-
cuted on March 8, 1893, and was duly recorded in the
office of the judge of probate of Perry county. On Jan-
uary 15, 1894, said M. Marx borrowed from the trustees
of the endowment fund of Concordia Lodge No. 152, In-
dependent Order of B'nai B'rith a certain sum of
money for which he executed his promissory notes pay-
able to said trustees, and also transferred and delivered
to said trustees as security in payment of said notes
the notes given him by Peters, together with the mort-
gage executed by Peters to M. Marx to secure the pay-
ment of said notes. After this transaction the trustees
of Concordia Lodge transferred for value the said notes
and mortgage to the complainant. It was then alleged
in the bill "that the lands described in the mortgage
from Dan Peters to M. Marx were erroneously described,
it being the intention and purpose of said Peters, as well
as Marx, that said mortgage should contain a descrip-
tion of the same lands as were contained in the mort-
gage from Ed Levy to M. Marx & Co.   *   *   *   the
same having been the lands acquired by Dan Peters from
Ed Levy and the said mortgage from Peters to Marx
having been given to secure the balance of the purchase
money therefor." It was further averred in the bill,
in relation to the transaction with the complainant,
"that the transfer of said mortgage by the said M. Marx
to the trustees was incomplete, in that it did not con-
vey the legal title to the lands therein described   *   *
*   ; and in order to correct this mistake and carry out

the original intention of the parties, the said Marx, together with his wife, did, on February 8, 1897, execute to your orator a conveyance of all their interest in said mortgage from Dan Peters to said Marx, as well as the real estate mentioned therein. * * * That the mistake was made in describing the lands in said transfer; * * * that it was the intention of said Marx at the time the transfer was made to convey whatever interest he had in the lands originally intended to be conveyed by the mortgage of Dan Peters to him, and in the lands erroneously described in said mortgage." It was then averred in the bill that default had been made by the said Dan Peters in the payment of the notes and the mortgage debt, and that complainant had been compelled to employ counsel to have its title perfected by the present proceeding, and the mortgage foreclosed; that Dan Peters had died in 1897, and left surviving him several heirs, who are named in the bill.

M. Marx. F. M. Marx and the heirs of Dan Peters are made parties defendant to the bill.

The prayer of the bill was (1) that all right, title and interest of respondents in the lands described in the mortgage executed by Ed Levy to M. Marx & Co. be divested out of the respondents; (2) that the description of the lands included in the mortgage from Dan Peters to M. Marx and in the transfers alleged in the bill be corrected so as to include the lands intended to be conveyed thereby; (3) that a reference be held before the register to ascertain the amount due the complainant under the mortgage and a reasonable attorney's fee for the complainant's solicitors, and that said amount so ascertained be fixed as the amount due the complainant, and a decree be rendered that if it is not paid within the time required by the court the lands be sold for the satisfaction of said demand of complainant.

As originally filed the bill did not aver that the complainant, which was a foreign corporation, had complied with the laws of the State as to having a designated agent, etc., and had failed to make the heirs of Ed Levy

parties defendant. There were pleas and demurrers interposed to the original bill raising these questions; and upon the sustaining of these pleas and the demurrers the bill was amended to meet such objections. To the bill as amended the respondents demurred upon the following grounds: 1. The bill is multifarious in that it seeks the reformation of two independent and distinct contracts not between the same parties. 2. That it is inconsistent and repugnant, and that it asks for inconsistent and repugnant relief.

Upon the submission of the cause upon these demurrers, the chancellor rendered a decree sustaining them. From this decree the complainant appeals, and assigns the rendition thereof as error.

LOMAX, CRUM & WEIL, for appellants, cited *Collins v. Stix,* 96 Ala. 338; *Handley v. Heflin,* 84 Ala. 600; *Hinds v. Hinds,* 80 Ala. 225; *Russell v. Garrett,* 75 Ala. 348; *Randle v. Boyd,* 72 Ala. 282; *Alexander v. Rhea,* 50 Ala. 450; *Hendon v. Morris,* 110 Ala. 106.

J. H. STEWART and W. F. HOGUE, *contra,* cited *Lehman v. Mayer,* 67 Ala. 396; *Halstead v. Sheppard,* 23 Ala. 558; *Ware v. Curry,* 67 Ala. 274; *Bayzer v. Adams,* 80 Ala. 235; *Judkins v. Lovelace,* 72 Ala. 306; *Conner v. Smith,* 74 Ala. 115; *Burford v. Steele,* 80 Ala. 147; *Harland v. Person,* 93 Ala. 273; *McEvoy v. Leonard,* 89 Ala. 455.

TYSON, J.—The ultimate and prime object of the bill is the foreclosure of the mortgage executed by Peters, which it is alleged belongs to the complainant. To accomplish this end, the bill seeks a correction of the description of the lands conveyed by the mortgage so as to conform to the intention of the parties.

It is made to appear that one Levy, the owner of the land sought to be subjected, executed a mortgage upon this land to one Marx. Subsequently Levy sold the land to Peters upon a credit, he paying a part of the purchase money and going into possession, but getting no deed. Peters upon learning of the mortgage held by

Marx, which was upon record at the time of his pur-
chase, executed to him the mortgage which the com-
plainant claims to own and seeks to reform and fore-
close.

It is alleged that the description of the land in this
mortgage was erroneous and that it was the intention
and purpose of Peters and Marx to convey the same
lands that were described in the mortgage of Levy
to Marx.

All the grounds of the demurrer interposed to the bill
were met by the amendment of it except those based
upon the objection, that it is multifarious.    It was this
ground of demurrer that the chancellor sustained, and
to review his decree in so holding, this appeal is prose-
cuted.

The bill is not multifarious, and the demurrer should
have been overruled.—*Alexander v. Rhea*, 50 Ala. 450;
*McGehee v. Lehman, Durr & Co.*, 65 Ala. 316; *Hudson
v. Morris*, 110 Ala. 106.

It is of no consequence how diverse and independent
may be the claims and attitudes of the respondents with
respect to each other, if the object of the bill is single,
as to enforce a lien and such will be the effect of grant-
ing the relief prayed.    So long as the enforcement of
the mortgage lien is kept in view and sought, the bill
is not multifarious.—*Christian & Craft Grocery Co. v.
Kling*, 121 Ala. 292.

Reversed and remanded.