179 So.2d 750

**T. C. TERRELL**

**v.**

**BETTER BUSINESS BUREAU OF MOBILE COUNTY, INC.**

**1 Div. 247.**

Supreme Court of Alabama.

Oct. 21, 1965.

Rehearing Denied Nov. 18, 1965.

Warren S. Reese, Jr., Montgomery, for appellant.

Holberg, Tully & Hodnette, Mobile, for appellee.

PER CURIAM.

The question before us, stated generally, is whether appellant, over appellee's objection, should be permitted to make amended or additional assignments of error, under Supreme Court Rule 2, and file an amended brief arguing the additional or amended assignments of error.

A condensed statement of the more important events follows. The transcript was filed, briefs of counsel followed, and the cause was submitted on briefs on May 17, 1965. Appellee had called attention in its brief that appellant's brief did not comply

with Supreme Court Rule 8, as revised April 1, 1965. Appellant moved that the submission be set aside so that he could comply with Rule 8, and asked that the cause be placed on the oral argument docket. This motion was granted on May 24.

Subsequently, on August 13, 1965, appellant sought to amend his assignments of error or make additional assignments under Supreme Court Rule 2, which reads:

"Additional assignments may be made before submission, only with permission of the court, after five days' written notice to adversary parties."

Appellee filed a motion to strike the amended assignments of error and the amended brief and that is the immediate question presented to this court.

■ Supreme Court Rule 2 must be read in connection with Rule 12, which deals with the time for filing briefs.

Since June, 1955, causes were not ready to be submitted until the briefs of both parties had been, or could have been, filed. The appellant has thirty days after the transcript has been filed to file his brief (assuming that no additional time has been granted). If, during the time he is writing his brief, he discovers that he has failed to make a necessary assignment of error, then he may apply for leave to make such assignment under Rule 2, and argue the new assignment in his original brief.

■ The important and determining factor is that every point relied upon by appellant must be in his brief before the appellee's brief is filed in this court. The filing date of appellee's brief is important because the case is immediately submitted unless oral argument was requested by one of the parties. We would accept a supplemental brief from appellant covering an assignment of error if the supplemental brief arrived in this court prior to the time appellee's brief was filed. But no assignments of error may be argued in brief by

appellant which are not argued in his brief or briefs which must be filed in this court before the appellee has answered them.

To hold otherwise would mean that there would be no end of briefs. An appellant could read the appellee's brief and then request the right to make additional assignments of error, or amend those already made, and change the entire posture of the appeal.

Supreme Court Rule 12 allows a reply brief from appellant, "but such reply brief shall be limited to answering the matters contained in appellee's brief and shall not set up any new matter not in answer to cross-errors assigned and argued, which is not contained and argued in appellant's original brief."

In State v. Laidlaw, 268 Ala. 92, 105 So. 2d 63, we discussed Supreme Court Rule 12 and said, in part:

> "The thought behind the rule is that it would be helpful and less time consuming to all concerned if all matters to be insisted on by appellant are argued fully in his original brief so that appellee may take issue with the errors and points relied on for a reversal. Since the appellee, in his reply brief, may appropriately present arguments and matters not fully dealt with by appellant in his original brief, the rule gives to the appellant, without the necessity of securing the consent of the court or a justice thereof, the right, at his election, to file a brief in reply to appellant's reply brief. But this right continues only for 10 days after service on him of appellee's brief. If not filed within that time the *right* to file a reply brief, given by the rule, is lost. \* \* \*"

We must hold that appellant's later briefs, filed after appellee's original briefs, and dealing with new points or assignments of error not argued in appellant's original brief, cannot be considered.

In view of the above, and construing Rule 2 and Rule 12 together, we

also hold that additional or amended assignments of error must be made prior to the receipt of appellee's brief by the clerk of this court, or the expiration of the twenty days in which it should have been filed. The words "before submission" in Rule 2 are limited to that same time because, as already stated, causes are ready for submission when briefs of both parties have been filed in the absence of a request for oral argument. And a request for oral argument will not be allowed to prolong the time beyond that allowed for the filing of appellee's brief in which new assignments of error can be made or supplemental briefs arguing those new assignments can be filed.

It follows that appellee's motion to strike appellant's amended assignments of error and the amended brief should be granted.

Motion to strike granted.

MERRILL, COLEMAN and HARWOOD, JJ., concur.

LAWSON, J., concurs in the result.

LIVINGSTON, C. J., and GOODWYN, J., dissent.

GOODWYN, Justice (dissenting).

The making of additional assignments of error, under Supreme Court Rule 2, is addressed to the court's discretion, to be exercised, in the light of the circumstances in each particular case, *at any time before submission.* However, the majority holding, as I understand it, leaves no room for the exercise of such discretion after "the receipt of appellee's brief by the clerk of this court, or the expiration of the twenty days in which it should have been filed." Perhaps this holding would be a good rule. If so, the rules could and should be changed to that end, to operate prospectively.

In view of the court's consistent past liberal practice of permitting additional assignments of error to be made, I would grant the permission requested by appellant. I realize, of course, that this would put ap-

pellee to additional work in answering these new assignments and, to that extent, at least, appellee would be prejudiced; and, to a certainty, the court's work in considering the case on the merits also would be increased.

I respectfully dissent.

LIVINGSTON, C. J., concurs.