214 So.2d 694

## T. C. TERRELL

v.

## BETTER BUSINESS BUREAU OF MOBILE COUNTY, INC.

1 Div. 247.

Supreme Court of Alabama.

Oct. 3, 1968.

**132**

Warren S. Reese, Jr., Montgomery, Garet Van Antwerp, III, Mobile, for appellant.

Holberg, Tully & Hodnette, Mobile, for appellee.

COLEMAN, Justice.

The complainant appeals from a decree wherein the court decreed ". . . . that the relief prayed for in the Bill of Complaint be and it is hereby denied and that the Bill of Complaint is hereby dismissed."

For prior decision on one phase of this case, see Terrell v. Better Business Bureau of Mobile County, Inc., 278 Ala. 625, 179 So.2d 750.

Respondent has moved to strike complainant's brief, or affirm the decree appealed from, on the grounds that the brief does not comply with the rules governing briefs and because the argued assignments of error ". . . . constitute merely general assignments which are vague and uncertain and particularizes no error of the Trial Court for review by this Court . . . ."

This litigation commenced as follows. Complainant, T. C. Terrell, filed in the circuit court, in equity, of Mobile County, his bill of complaint, wherein he averred that he is a citizen of Jefferson County; that respondent is a corporation domiciled in Mobile County; that the Alabama Police Association is a corporation organized under the laws of Alabama for the benefit of its membership, which is composed of law enforcement officers of the Alabama Highway Patrol, Alabama municipalities, sheriffs, and deputy sheriffs; that pursuant to complainant's contract with said Alabama Police Association, complainant undertook to cause to be published and distributed a magazine known as "The Alabama Policeman," identified as the official organ of said Association, all at the sole expense of complainant; that complainant caused to be issued a policy of life insurance and hospital insurance on each member of the Association; that complainant agreed to pay expenses of officers of the Association accruing in connection with their attendance at duly called meetings and to pay the cost of legal counsel to represent the Association and individual members who might become involved in litigation resulting from performance of their official duties as such officers; that complainant has carried out his aforesaid obligations and has expended large sums for insurance, legal counsel, and costs of publishing the magazine; that large sums have been paid by the insurer as death benefits for the families of deceased members; that by the terms of the contract, the Association agreed that complainant could solicit and sell advertising for said magazine and retain the proceeds thereof; and a copy of the contract is attached to the bill.

Complainant further avers that his primary source of income and making a living consists of the business of soliciting and selling advertising and publishing trade papers, magazines, and other periodicals; that he published the first issue of The Alabama Policeman in March, 1961, and the same has been regularly published since that date on a quarterly basis and distributed to members of the Association and advertisers in the magazine, all according to the contract; that the insurance and other benefits accruing to members of the Association depend upon complainant's ability to sell advertising in said magazine.

Complainant further avers that in July, 1963, respondent published and circulated at Mobile, Alabama, a writing, copy of

which is made Exhibit C to the bill and recites:

"EXHIBIT 'C'

"BETTER

"BUSINESS        A L E R T

"BUREAU

"A SPECIAL SERVICE OF THE BETTER BUSINESS BUREAU OF MOBILE COUNTY INC.

406 Van Antwerp Bldg: Mobile, Alabama

"PHONE   HE 3–5494

"ALABAMA VOICE OF LABOR _____A telephone boiler room, operated by T. C. 'Lucky' Terrell, from Birmingham, is presently soliciting Mobile business firms for advertisements in his 'labor' publication. Mobile labor leaders have repeatedly advised us they have *no connection* with this publication.

"It is extremely important: PLEASE CALL THE BETTER BUSINESS BUREAU (433–5416) IF YOU ARE SOLICITED BY THIS FIRM. (Whether you buy or not.)

"*ALABAMA POLICEMAN'S ASSO-CIATION*_____This is another promotion by Terrell to sell advertisements in a publication entitled 'Alabama Policeman' to Mobile business firms. He uses the same boiler room as above and his pitchmen are implying that you will receive special consideration from the Alabama Highway Patrol and the Mobile City Police Department if you display one of his membership cards when apprehended for a traffic violation. Neither Terrell nor the Alabama Policeman's Association has any official connection with the State Highway Patrol, the Mobile Police Department or the Mobile County Sheriff's Department.

"According to Terrell, he collected $72,000.00 in 1962 from Alabama firms for advertisements in this publication but none of the funds were paid to the Association.

"PLEASE CALL THE BETTER BUSINESS BUREAU (433–5416) IF YOU ARE CONTACTED FOR EITHER OF THESE PUBLICATIONS

"July 1963

"ALERTS are for DISPLAY———on Bulletin Boards, Shop Window, (Illegible)"

Complainant avers, in detail as to several of its parts, that the writing is false, scurrilous, and defamatory, and as follows:

"And your complainant avers that the language of said fourth paragraph of Exhibit 'C', both directly and by innuendo, falsely and maliciously accuses complainant of obtaining money under false pretense, or of grand theft, or of embezzlement, felonies involving moral turpitude, and thereby subjects your complainant to ridicule, contempt, shame or disgrace; it is false and malicious; and it constitutes libel per se."

Complainant avers that the writing was circulated among numerous business firms in Mobile with which complainant had been doing business and resulted in numerous cancellations of orders for advertising, and that it is impossible for him to do further business with many firms with which he had enjoyed good relations prior to publication of the alleged libel.

Complainant avers that the only effective relief which might be afforded him is through an injunction requiring respondent to make full admission of fault and to retract the statements in the writing. Complainant prays that the court:

". . . . will (1) find, adjudge and declare the writing herein complained of (Exhibit 'C') hereto) to be false, malicious and libelous per se; (2) issue its writ of injunction ordering the respondent to cease and desist from further publishing false, malicious and libelous statements about complainant; commanding respondent to prepare and submit for the scrutiny and approval of this Court an in-

strument in writing comprising a full admission by respondent of fault in publishing, circulating and distributing the said writing concerning complainant and a complete and detailed retraction of the writing and statements therein constituting libel; commanding respondent to circulate, distribute and deliver said admission of fault and retraction, in the same manner and to the same extent as was the case of the false, malicious and libelous writing complained of; and commanding respondent, with (sic) a reasonable time, to furnish to this Court acceptable proof of delivery of said admission of fault and retraction to each and every business firm and house in the Mobile Area, or elsewhere, to which a copy of said false, malicious and libelous writing was distributed and delivered as aforesaid; (3) award to complainant judgement in damages in the sum of FIFTY THOUSAND AND NO/100 ($50,000.00) compensatory damages for injuries and damage suffered by complainant as a result of the libel of him by respondent, and judgement in damages in the sum of TWO HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($250,000.00) as punitive damages; (4) and if your complainant is mistaken as to the specific relief herein prayed for, then complainant prays for such other, further and different relief to which, in equity and good conscience, he may be entitled under the pleadings and proof; and your complainant will ever pray, etc."

Respondent's demurrer was overruled and respondent answered, admitting publication of the writing, but denying generally that ". . . . the same is libelous, false or malicious as alleged by the Complaint." Respondent alleged, in its answer, that:

". . . . The Better Business Bureau of Mobile County, Inc. is a nonprofit corporation organized under the Laws of the State of Alabama as a nonprofit corporation, its membership being composed of approximately 625 members of the business community, one of the purpose(s) of which is to promote and assist in maintaining accuracy in advertising and selling practices and to prevent the public from being misled by unfair advertising or selling practices and in the course of its operations it circularizes Alerts to its membership in an effort to completely inform the said membership of various advertising and solicitation schemes seeking to sell advertising to Mobile businesses."

By amendment to its answer, respondent undertook to aver, as a special plea, that the writing was privileged.

The court denied respondent's motion for trial by jury.

Approximately fifteen witnesses testified ore tenus. Their testimony covers two hundred and sixty transcript pages without the exhibits which follow the oral testimony. The court notes in decree that the trial proceeded for three days in May, being submitted on May 20th. Final decree was rendered on the following August 14th.

In appellant's brief, the argument is headed as follows:

"ASSIGNMENT OF ERRORS ONE,
TWO, AND FOUR.

Assignments 1, 2, and 4, recite:

"1. The Court erred in rendering a final decree in favor of Appellee in this cause.

"2. The Court erred in rendering its final decree dated, to-wit, August 14, 1964, against Appellant in this cause.
" . . . . . . . . .

"4. The Court erred in rendering its decree dated, to-wit: August 14, 1964."

As we understand it, appellant's argument appears to be that the decree is contrary to the great preponderance of the evidence and, therefore, ought to be re-

versed. We will observe that the testimony, as stated in the briefs of both parties, is conflicting in many particulars, and in inferences to be drawn from the testimony. In many respects, the testimony supports the averments of the bill and a decree granting relief to complainant would find support in the evidence.

■ The trial court saw and heard the witnesses testify, however, and the usual presumption favoring the findings of the trial court attends the decree appealed from.

As noted at the beginning of this opinion, appellee's motion to strike attacks the generality of Assignments 1, 2, and 4. In brief, in support of the motion, appellee cites, among other cases, Alexander v. Rea, 50 Ala. 450; Robinson v. Murphy, 69 Ala. 543; Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397; Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844; and Moody v. Myers, 268 Ala. 177, 105 So.2d 54.

In Alexander v. Rea, supra, the assignments were:

"'3. The chancellor erred in the decree rendered.'

"'4. In decreeing relief to the complainant, Rea.'" (50 Ala. at page 452)

This court said:

". . . . The general assignments, marked 3 and 4, are not stated with that precision required by the rule of practice in such a case as this. . . . ." (50 Ala. at page 452)

In Robinson v. Murphy, supra, the assignment was that: "'the court below erred in the final decree rendered Oct. 8th, 1881.'" (69 Ala. at page 545) This court said:

". . . . when the decree of the chancellor is assailed as *erroneous in the whole*, an assignment of error, in the general terms of this assignment, must be accepted as conforming to the

rules of practice. . . . ." (Emphasis Supplied) (69 Ala. at page 546).

The court said further:

". . . . The error assigned by the appellants asserts that the decree *as an entirety* is erroneous." (Emphasis Supplied) (69 Ala. at page 546)

The court said the case of *Robinson* was ". . . . distinguishable from that of Alexander v. Rea, 50 Ala. 450, in which it was claimed the decree of the chancellor was *partially erroneous*, that specific errors infected it, which ought to have been assigned with precision. . . . ." (Emphasis Supplied) (69 Ala. at page 546)

The distinction was noted in Birmingham Electric Co. v. Alabama Public Service Commission, 254 Ala. 140, 156, 47 So.2d 455, 469, where this court said:

"The decree was a unit and not severable. If a decree of that sort is erroneous *in any respect* the error permeates the entire unit and an assignment in general terms is sufficient. Robinson v. Murphy, 69 Ala. 543, 546. This case distinguishes Alexander v. Rea, 50 Ala. 450, where the decree was subject to affirmance in some respect and reversal in others. . . . ."

Assignments 1, 2, and 4, in the instant case assert that the decree is "erroneous in the whole." Complainant prayed for a declaration that the writing is false, malicious, and libelous per se; for a writ of injunction requiring affirmative action by respondent; for compensatory damages; and for punitive damages.

■ To sustain his argued assignments of error, complainant must show that the court erred in denying all the relief sought. If the court did not err in denying any one of the elements of the relief asked for, then the assignments cannot be sustained, because complainant asserts in them that "the decree as an entirety is erroneous,"

and the decree, if only partially erroneous, is not "erroneous in the whole."

One element of relief prayed for is punitive damages. This court has said: "It was a question for the jury to determine whether or not the plaintiff was entitled to recover punitive damages, and the trial court did not, therefore, err in refusing defendant's requested charge 12," which was "(12) 'Against finding vindictive or exemplary damages.'" Webb v. Gray, 181 Ala. 408, 411, 420, 62 So. 194.

The Court of Appeals of Maryland has said:

". . . . By the rejection of the defendant's fifteenth prayer, the jury were practically told they must give exemplary damages, and were absolutely refused the discretion to withhold them. But in no case has a plaintiff any legal right to exemplary damages. Such damages depend upon the case, and the evidence and finding of the jury. Jerome v. Smith, supra [48 Vt. 230].

"Where there is evidence of circumstances sufficient to uphold a verdict for exemplary damages, the question whether they shall be given, or not, is one for the jury. Boardman v. Goldsmith, 48 Vt. 403. And it is error to instruct them they must give exemplary damages. Sedg.Dam. 333; Hawk v. Ridgway, 33 Ill. 473.

"The words used here being actionable *per se,* although there was no proof of actual and substantial damages sustained by the publications to Miss Willis of the two letters, the jury could not properly have been deprived of their discretion to give exemplary damages, if they found malice, nor could they on the other hand, either by the granting of an erroneous instruction or the rejection of a proper one, be deprived of their discretion to refuse to award exemplary damages if they found no malice.

"For the error in the rejection of the defendant's fifteenth prayer it will be necessary to reverse the judgment that a new trial may be had." Gambrill v. Schooley, 93 Md. 48, 65, 66, 48 A. 730, 733, 52 L.R.A. 87, 86 Am.St.Rep. 414.

■■ In the instant case there was no jury. As to punitive damages, the court, as trier of fact, performed the function of the jury. Awarding punitive damages is a matter within the discretion of the trier of fact, and we cannot say that the court was plainly and palpably wrong in not awarding punitive damages.

While the question is not squarely presented in the instant case, we do note that in some states the courts have declared the rule to be that, in libel cases, a judgment will not be reversed and a new trial awarded merely because the jury failed to award nominal damages which should have been awarded. Lynch v. New York Times Co., 171 App.Div. 399, 157 N.Y.S. 392; Sebring v. Underhill, 127 Misc. 671, 217 N.Y.S. 354; Morin v. Houston Press Co. (Tex.Civ. App.), 103 S.W.2d 1087, 1091.

■ We think it is clear that the trial court cannot be put in error for failing to award punitive damages. The decree, therefore, is not erroneous in the whole and the assignments so asserting are not sustained and the decree must be affirmed.

We are not to be understood as suggesting that the result would be in anywise different even if the assignments had attacked the decree severally as to each particular.

Affirmed.

SIMPSON and KOHN, JJ., concur.

LIVINGSTON, C. J., concurs in result.